# IN THE SUPREME COURT OF IOWA

No. 16–0133

Filed November 18, 2016

**BLAKE JAMES JACOBS,**

Appellant,

vs.

**IOWA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION,**

Appellee.

_____

Appeal from the Iowa District Court for Winnebago County, Gregg R. Rosenbladt, Judge.

The petitioner appeals from a district court order dismissing an administrative review proceeding as untimely. **REVERSED AND REMANDED.**

Shaun Thompson of Newman Thompson & Gray, PC, Forest City, for appellant.

Thomas J. Miller, Attorney General, and Michelle E. Rabe, Assistant Attorney General, for appellee.

**MANSFIELD, Justice.**

A law firm electronically submitted a petition for judicial review on the last day for appeal under the statute. The next morning, the clerk's office returned the petition. The return gave two reasons: (1) the petitioner's address was missing from the electronic cover sheet and (2) the filing had not been described as a "civil-administrative appeal" on that same cover sheet. The law firm quickly completed a new electronic cover sheet and resubmitted the petition. The clerk's office accepted the petition as filed that day. However, on the respondent's motion, the district court dismissed the petition as untimely because it was one day late. The petitioner appeals.

For reasons discussed in more detail herein, we now reverse the district court. We conclude that for purposes of meeting a deadline, a filing may relate back to the original date it was received by the electronic data management system (EDMS) when the filing party demonstrates the following three conditions are met. First, the party submitted an electronic document that was received by EDMS prior to the deadline and was otherwise proper except for minor errors in the electronic cover sheet. Second, the proposed filing was returned by the clerk's office after the deadline because of these minor errors. Third, the party promptly resubmitted the filing after correcting the errors. We believe this holding gives a fair reading to our existing interim EDMS rules, as well as our statutes, other rules, and precedents.

## I. Background Facts and Proceedings.

The underlying dispute in this case relates to a one-year driver's license revocation and suspension for failure to submit to chemical testing. *See* Iowa Code § 321J.9(1) (2015); *see also id.* § 321A.17(1). The petitioner, Blake Jacobs, contends he did not refuse testing. On

September 9, 2015, an administrative law judge (ALJ) upheld Jacobs's license revocation and suspension. Jacobs timely sought interagency review, and on October 19, the Department of Transportation (DOT) filed a decision affirming the ALJ's decision.

Jacobs's counsel took steps to obtain judicial review of the DOT's ruling pursuant to Iowa Code section 17A.19. This statute requires the petition for judicial review to be filed "within thirty days after the issuance of the agency's final decision in that contested case." *Id.* § 17A.19(3). November 18 was the thirtieth day. At 12:37 p.m. that day, the law firm representing Jacobs electronically submitted a petition for judicial review that was duly received by the Iowa Judicial Branch EDMS. No claim has been made that the petition itself was deficient in any way.

The next morning, at 8:58 a.m., the Winnebago County Clerk of the District Court sent a message to Jacobs's counsel that his petition had been "Returned Not Filed." The message gave the following reason: "Please fill out all of your client info (address) in the Service List. This kind of case is called Civil-Administrative Appeal too. Then re-submit. Thanks." The message did confirm that the submission had occurred on November 18 (the previous day) at 12:37 p.m. and had been designated "Civil - Other Actions" rather than "Civil - Administrative Appeal."

After receiving this message, the law firm added the petitioner's address and corrected the category from "Other Actions" to "Administrative Appeal" on the electronic cover sheet found on the EDMS website. No changes were made to the petition itself. The law firm then resubmitted the petition to EDMS. The petition was electronically file-stamped by the clerk of court that same morning and read: "E-FILED 2015 NOV 19 9:53 AM WINNEBAGO - CLERK OF DISTRICT COURT."

DOT appeared in the proceeding and filed a motion to dismiss, urging that Jacobs had failed to file his petition within the thirty-day deadline set forth in Iowa Code section 17A.19(3). Jacobs countered with a resistance supported by an affidavit and exhibits. Following a telephonic hearing, the district court dismissed Jacobs's petition. The court determined that the petition was not "officially and properly filed" with the clerk's office until 9:53 a.m. on November 19 and, therefore, the court lacked jurisdiction to hear the appeal. In reaching its decision, the district court relied upon our recent opinion in *Concerned Citizens of Southeast Polk School District v. City Development Board of State*, 872 N.W.2d 399 (Iowa 2015). The court reasoned that although the petition had been submitted by Jacobs on November 18, the court could not "identify any reason to give the date and time of the original submission any priority over the file-stamp placed on the petition. . . . [W]ithout the electronic filing stamp, it seems a document is not officially filed." The district court also noted there was no indication that the clerk of court had not been "expeditious in reviewing the filing."

Jacobs filed a motion to enlarge or amend the district court's order of dismissal. The district court denied the motion and added,

> The fact that the original submission was rejected on day 31 is not particularly relevant in this case, the facts are simply that the submission was not file-stamped on the 30th day, through no fault of the clerk or EDMS. When facing a deadline, the filer has the responsibility to ensure that the filing is accepted and file-stamped before the deadline has passed.

Jacobs appealed, and we retained the appeal.

## II. Standard of Review.

"We review the granting of a motion to dismiss for errors at law." *Cooksey v. Cargill Meat Sols. Corp.*, 831 N.W.2d 94, 96 (Iowa 2013).

Although we are not bound by the district court's conclusions of law, the district court's findings of fact are binding unless they are not supported by substantial evidence. *McCormick v. Meyer*, 582 N.W.2d 141, 144 (Iowa 1998).

### III. Analysis.

District courts exercise appellate jurisdiction over agency actions on judicial review. *Christiansen v. Iowa Bd. of Educ. Exam'rs*, 831 N.W.2d 179, 186 (Iowa 2013). "Where a party attempts to invoke the district court's appellate jurisdiction, compliance with statutory conditions is required for the court to acquire jurisdiction." *Id.* at 186–87 (quoting *Anderson v. W. Hodgeman & Sons, Inc.*, 524 N.W.2d 418, 420 (Iowa 1994)). Iowa Code section 17A.19(3) required Jacobs to file his petition for judicial review by November 18, 2015. If the petition was not filed until November 19, the district court had no jurisdiction to hear the case. *See City of Des Moines v. City Dev. Bd.*, 633 N.W.2d 305, 309 (Iowa 2001) ("A timely petition for judicial review from an administrative decision is a jurisdictional prerequisite.").

The parties agree on the salient facts. Jacobs's petition was received by EDMS on November 18. Because of certain problems with the electronic cover sheet, the clerk returned the petition on November 19. Jacobs resubmitted the same petition about an hour later, presumably fixing the issues with the cover sheet. The clerk accepted the petition, and the petition received a November 19 file-stamp. The only disagreement here is legal: Should November 18 or November 19 be deemed the date when the petition was filed for purposes of Iowa Code section 17A.19(3)?

Our court first released interim rules related to the use of electronic filing in 2007. *See* Iowa Supreme Ct. Order, *Request for Public*

*Comment Regarding Rules for Electronic Filing* (Jan. 11, 2007). The rules are gathered in Chapter 16 of Iowa Court Rules and are available on the Iowa Judicial Branch website. *See* Interim Iowa Ct. R. ch. 16, http://www.iowacourts.gov ("eFiling" tab; then "overview"; then "Chapter 16, Iowa Court Rules") (last visited Nov. 8, 2016).

These rules govern the filing of all documents in the Iowa court system as we transition to an electronic process. *See Concerned Citizens*, 872 N.W.2d at 401 (noting that the clerk of court "remains the depository of court records" and the rules change only "the means of transacting business" in an electronic medium); *see also* Iowa Supreme Ct. Supervisory Order, *In the Matter of Interim Rules to Govern the Use of the Electronic Document Management System* (Mar. 1, 2012). To respond to issues that have arisen during this transition to an electronic filing system, we have periodically revised the rules since their initial 2007 release.[1]

Despite their temporary and evolving nature, the interim rules of electronic filing prescribed by our court "prevail over any other laws or court rules that specify the method, manner, or format for sending, receiving, retaining, or creating paper records relating to the courts." Iowa Code § 602.1614(4). Nonetheless, when the interim rules are silent on a matter, or when a statute or other rule does not relate to "the method, manner, or format for sending, receiving, retaining, or creating paper records," we must follow the statute or other rule.

A number of interim rules are potentially relevant to this case. Rule 16.201 defines "electronic filing" as "the electronic transmission of a

---

[1]Any rules of electronic procedure cited in this opinion refer to the interim rules approved by this court and made publicly available at the time Jacobs attempted to file his petition in November 2015.

document to [EDMS] together with the production and transmission of a notice of electronic filing." Interim Iowa Ct. R. 16.201. Rule 16.307(2) is similar but worded slightly differently. It says, "The electronic transmission of a document to [EDMS] consistent with the procedures specified in these rules, together with the production and transmission of a notice of electronic filing[,] constitutes filing of the document." *Id.* r. 16.307(2).

The interim rules also define "notice of electronic filing." This means "a document generated by [EDMS] when a document is electronically filed." *Id.* r. 16.201.

Additionally, a separate rule provides,

> Each electronically filed document shall receive an electronic file stamp consistent with the notice of electronic filing. The file stamp shall merge with the electronic document and be visible when the document is printed and viewed on-line. Electronic documents are not officially filed without the electronic filing stamp.

*Id.* r. 16.308.

> Another rule states,

> An electronic filing can be made any day of the week, including holidays and weekends, and any time of the day [EDMS] is available. . . . When a document is filed using [EDMS], the system will generate a notice of electronic filing. The notice of electronic filing will record the date and time of the filing of the document in local time for the State of Iowa. This will be the official filing date and time of the document regardless of when the filer actually transmitted the document.

*Id.* r. 16.311(1)(*a*). "A document is timely filed if it is filed before midnight on the date the filing is due." *Id.* r. 16.311(1)(*b*). "As [EDMS] may not always be available due to system maintenance or technical difficulties, filers should not wait until the last moment to file documents electronically." *Id.* r. 16.311(1)(*d*).

The interim rules also require all registered filers to "complete an electronic cover sheet for each filing." *Id.* r. 16.307(1)(*a*). As the rules explain, "The cover sheet provides the information to correctly docket and route the filing through the system." *Id.*

Although the interim rules *do not actually say this*, an electronic submission to EDMS typically undergoes a review by a clerk or deputy clerk before the submission is accepted as a filing.[2] When the clerk's office accepts the filing, this causes a notice of electronic filing and a file stamp to be generated, which is back-dated to the original date and time when the item was received by EDMS. Thus, in this case, if the clerk's office had initially accepted Jacobs's petition on November 19 instead of returning it, EDMS would have issued a notice of electronic filing and a file stamp back-dated to November 18 at 12:37 p.m. But because the clerk's office returned the filing, and Jacobs's counsel had to resubmit it, the petition received a notice of electronic filing and a file stamp of November 19 at 9:53 a.m.

In addition to the rules we have already quoted, a further rule entitled "Errors discovered by the clerk" provides:

> If errors in the filing or docketing of a document are discovered by the clerk, the clerk will ordinarily notify the filer of the error and advise the filer of what further action, if any, is required to address the error. The clerk may return the submission with an explanation of the error and instructions to correct the filing. In such instances, it shall be the responsibility of the filer to keep a record of the notice generated by [EDMS] to verify the date and time of the original submission. If the error is a minor one, the clerk may, with or without notifying the parties, either correct or disregard the error.

*Id.* r. 16.309(3)(*c*).

---

[2]This review is intended to be analogous to prior reviews that took place with respect to paper submissions. It recognizes that electronic submissions can be made by pro se parties lacking legal training in addition to licensed attorneys.

We now summarize the positions of the parties. DOT argues that what occurred on November 18 was an attempted filing and not an actual filing. According to DOT, the actual filing took place on November 19, as reflected on the notice of electronic filing and the file stamp. *See id.* rs. 16.201 (defining electronic filing), 16.307(2), 16.308. DOT further points out that the original petition was clearly marked "Returned Not Filed" by the clerk's office and the rules caution EDMS users not to "wait until the last moment" when attempting to file documents. *See id.* r. 16.311(1)(*a*), (*d*). DOT also maintains the original November 18 submission contained some actual errors in the cover sheet. Finally, DOT argues that a party should not be able to circumvent a jurisdictional deadline by submitting a deficient document at the deadline and then resubmitting a proper document much later.

Jacobs, on the other hand, argues that when the clerk returns a filing for correction, the corrected filing relates back to the original date of submission. He points to rule 16.309, which reads, "In such instances, it shall be the responsibility of the filer to keep a record of the notice generated by [EDMS] to verify the date and time of the original submission." *Id.* r. 16.309(3)(*c*). He urges that this sentence would serve no purpose if it did not authorize relation-back. Also, Jacobs questions the authority of the clerk's office to reject an otherwise proper filing because of minor clerical errors in the cover sheet. He notes the interim rules provide no definitive standard for clerk returns, but instead state that the clerk "will ordinarily notify the filer of [an] error," "may return" a submission, or in the case of a "minor" error, may "correct or disregard" it. *Id.* He disputes that the interim rules are intended to give the clerk the power to render filings either timely or untimely through the exercise of this discretion. And he points out that in the paper world, minor

errors in a cover sheet would have been corrected at the counter. Lastly, Jacobs disputes that this filing occurred at "the last moment" (i.e., 12:37 p.m. on the due date). He adds that if DOT's view prevails, nothing would protect a party even if all of the following were true: (1) a submission was made far in advance of a deadline, (2) the clerk's office waited until the deadline passed before returning it, and (3) there was no reason to return it.

In *Concerned Citizens*, we recently resolved an issue under the interim rules relating to the filing date of *court*-generated documents. 872 N.W.2d at 400. In that case, a district judge had submitted a ruling to EDMS on July 11 upholding the decision of an administrative agency. *See id.* However, the clerk of court did not approve the submission for filing and EDMS did not transmit a corresponding notice of electronic filing to the parties until July 15. *Id.* Once transmitted, the July 15 notice identified the "time of filing" of the court's ruling as July 11. *Id.* at 401. The electronic file stamp on the court's ruling also reflected it had been filed July 11. *Id.* at 400. Nevertheless, the petitioners did not file their notice of appeal from the district court's decision until August 12— a date within thirty days of July 15, but not July 11. *Id.* at 401; *see* Iowa R. App. P. 6.101(1)(*b*) ("A notice of appeal must be filed within 30 days after the filing of the final order or judgment."). We were asked to dismiss the appeal as untimely. *Concerned Citizens*, 872 N.W.2d at 401.

The issue in *Concerned Citizens* was whether the time to appeal the district court order began running on the date set forth in the electronic notice and in the file stamp or on the date when the order was actually approved by the clerk's office and served on the parties. *See id.* at 400. We dismissed the petitioner's appeal as untimely after concluding that the "official filing date" of the court's order, for purposes of calculating

the appeal deadline, was July 11—the date the district court submitted the order to EDMS and the date which was reflected as the time of filing when the clerk served the order on July 15. *Id.* at 405.

We emphasized that both interim rule 16.308 and interim rule 16.311(1)(*a*) supported the notion that the date recorded in the notice of filing and on the file stamp should be deemed the official filing date. *Id.* at 403. We concluded that these rules and others "reveal that the process of electronic filing for the purpose of identifying the date of filing is geared to the filing of the order, not the date of the notice of filing." *Id.* at 403–04. We added, "This is a date that needs to be clear and unmistakable in the law so that all litigants and attorneys know the parameters of the jurisdictional time period to pursue an appeal." *Id.* at 403. We elaborated,

> [T]he interpretation urged by Concerned Citizens would create an unwanted moving target. The time to appeal a court order could change from case to case depending on the date the clerk of court completed a review of the filed order before prompting the system to transmit the notice of filing. . . . [T]he interpretation given to a rule should consider how workable it will be in practice.

*Id.* at 404 (citation omitted).

DOT relies on *Concerned Citizens* in the present appeal. It contends that *Concerned Citizens* endorsed a general rule that the given "filing date," according to EDMS, is dispositive for all purposes. In our view, this overreads *Concerned Citizens*. For one thing, we did not say in *Concerned Citizens* that the interim rules were unambiguous. In fact, we resolved an apparent ambiguity in the rules by applying various rules of construction. *See id.* at 403–05. The present case, moreover, forces us to confront an additional rule that was not at issue in *Concerned Citizens*. That rule is interim rule 16.309(3)(*c*), which in the event of a

clerk return makes it "the responsibility of the filer to keep a record of the notice generated by [EDMS] to verify the date and time of the original submission." Interim Iowa Ct. R. 16.309(3)(*c*). As Jacobs points out, the language of rule 16.309(3)(*c*) implies there must be *some* circumstances when the date of the original submission has legal significance. Otherwise, the quoted sentence would be totally superfluous. "We presume statutes or rules do not contain superfluous words." *State v. McKinley*, 860 N.W.2d 874, 882 (Iowa 2015); *see also* Iowa Code § 4.4(2) (setting forth the presumption that "[t]he entire statute is intended to be effective").

Furthermore, some of the policy considerations that were in play in *Concerned Citizens* are not present here, or may even cut in the opposite direction. We emphasized in *Concerned Citizens* the importance of having a single unmistakable appeal deadline. *See Concerned Citizens*, 872 N.W.2d at 403. Yet here, that consideration arguably favors Jacobs. Knowing the appeal deadline was November 18 (based on the clear rule of Iowa Code section 17A.19(3)), Jacobs's counsel arranged for the petition to be submitted at 12:37 p.m. that day. Contrary to DOT's view, most people would not consider this to be at "the last moment." *See* Interim Iowa Ct. R. 16.311(1)(*d*).[3] Indeed, as Jacobs points out, DOT filed its appellate proof brief in this case at 3:41 p.m. on the last day for filing (although in fairness, the deadline for submitting a brief is normally not a jurisdictional deadline). If DOT's position here were adopted, as a practical matter this could shorten appeal deadlines by some unspecified number of days because litigants would need to protect themselves by

---

[3]The timing of taking appeals does not simply reflect lawyers' schedules. Clients may need time up to the thirty-day deadline to decide whether to appeal or to marshal the funds for an appeal.

allowing adequate time for clerk review and possible rejection. Such a muddying of deadlines would undermine the same clarity we deemed so important in *Concerned Citizens*.

Another problem with DOT's position is that the vesting of jurisdiction would turn on discretionary acts of the clerk's office. *Cf. Dwyer v. Clerk of Dist. Ct.*, 404 N.W.2d 167, 170 (Iowa 1987) ("The clerk of the district court is under a duty pursuant to subsection 602.8102(98) to file and note all documents presented to the clerk for filing. It is not the clerk's duty or function to rule on the validity or legal effect of the document so received."). Here interim rule 16.309(3)(*c*) gave the clerk several options, including contacting the filer or correcting or disregarding the error. Had the clerk chosen to disregard the missing client address and correct the case type—instead of returning the filing— there would be no question the administrative appeal was timely. Or suppose a busier or less-conscientious clerk had simply failed to *notice* the incorrect case type or the missing client address. Presumably, this would make the administrative appeal timely as well.

Normally, we try to interpret our statutes and rules so they effectuate just and reasonable results, not arbitrary ones. *See* Iowa Code § 4.4(3) (setting forth the presumption that in enacting a statute, "[a] just and reasonable result is intended"); *id.* § 4.6(5) (providing that when a statute is ambiguous, we may consider "[t]he consequences of a particular construction"); *Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 770 (Iowa 2016).

No one claims that the errors in the electronic sheet were anything but "minor." As Jacobs points out, the petition itself did not contain any errors. The first problem identified by the clerk was a missing client address in the electronic cover sheet. The online form to "add a party,"

which is part of the electronic cover sheet, has approximately twenty entries to be completed by the filing party.[4] These entries include first name, middle name, last name, social security number, date of birth, driver's license, work phone, cell phone, and home phone. The screen does not indicate which entries *must* be filled in. The only entries with asterisks next to them are for first name and last name, which might lead a filer to conclude these are the only entries that have to be filled in. On the prior screen, the following appears in red text: "**Warning**: Have you entered all Parties on this case? In accordance with Iowa Code section 602.6111, your filing will be returned if all parties are not listed in this section." This might suggest that merely *listing* the party is sufficient to avoid a returned filing. The "add a party" screen itself contains no prompt—as occurs with many web-based programs—notifying the user if he or she has tried to submit the form without some required information. And no one contends in this case that the information provided by Jacobs's law firm was insufficient to uniquely identify their client.[5]

The second problem noted by the clerk related to the "case sub type." Out of thirty-two possible civil case sub-types, Jacobs's law office selected "Civil - Other Actions" instead of "Civil - Administrative Appeal."

According to the Iowa Rules of Civil Procedure, a party is required to "complete[]" a cover sheet when filing most civil actions in Iowa. Iowa R. Civ. P. 1.301(2). Yet "matters appearing on the civil cover sheet have

---

[4]We take judicial notice of the electronic cover sheet used in EDMS. *See State v. Washington*, 832 N.W.2d 650, 655 (Iowa 2013) ("Judicial notice may be taken on appeal.").

[5]Iowa Code section 602.6111 requires certain identifying information to be provided when filing a petition—specifically the party's birth date and social security number. However, it does *not* require the party's address to be provided. *See* Iowa Code § 602.6111(1).

no legal effect in the action" and instead are "solely for administrative purposes." *Id.* Here, however, the information on the electronic cover sheet had a dramatic effect on the action—it led to the dismissal of the case.

Likewise, the interim rules require an electronic cover sheet to be "complete[d]" for each filing. *See* Interim Iowa Ct. R. 16.307(1)(*a*). The electronic cover sheet provides information "to correctly docket and route the filing through the system." *Id.* Although the interim rules "prevail over any other laws or court rules that specify the method, manner, or format for sending, receiving, retaining, or creating paper records," Iowa Code § 602.1614(4), nothing in those rules indicate that substantial compliance in completing the cover sheet is insufficient so long as the case can be "correctly docket[ed] and rout[ed]." Interim Iowa Ct. R. 16.307(1)(*a*). Arguably, it would violate Iowa Rule of Civil Procedure 1.301(2) to give determinative legal effect to an electronic-cover-sheet error when that sheet is substantially complete—i.e., complete enough for internal administrative purposes.[6]

We recently held that a petition for judicial review of agency action that failed to specifically name the agency as respondent was sufficient to invoke the jurisdiction of our courts. *Cooksey*, 831 N.W.2d at 104. Although the agency had not been included in the caption or characterized as a respondent in the body of the petition, we applied a substantial compliance standard. *See id.* at 103–04. We noted that the

---

[6]It might also violate Iowa Code section 611.7 for the dismissal of Jacobs's appeal to result from a mere misnaming of the case type:

> An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket.

Iowa Code § 611.7.

text of the petition identified the agency whose order being challenged and that the agency had been timely served. *See id.* at 104. It is true that in *Cooksey* we distinguished "the situation in which a party fails to file a petition in a timely manner." *Id.* at 105. Still, in light of *Cooksey*, it would be incongruous to conclude that a petition submitted on time, but with minor cover sheet errors, would not vest subject matter jurisdiction with the district court.

Additionally, we have said that the interim rules were designed "to continue the court practices that governed paper filing, not to change them." *Concerned Citizens*, 872 N.W.2d at 401. In the paper world, it is likely that any deficiencies in the cover sheet would have been recognized at the counter of the clerk's office and fixed before the close of business that day. Moreover, we "normally strive to resolve disputes on their merits." *Christiansen*, 831 N.W.2d at 191 (quoting *MC Holdings, L.L.C. v. Davis Cty. Bd. of Review*, 830 N.W.2d 325, 328 (Iowa 2013)). In *Christiansen*, a case involving review of agency action under Iowa Code section 17A.19, we allowed a petition for review "to relate back to the deadline to appeal the agency's final decision." *Id.* at 191. In that case, the petitioner "jumped the gun" with his first petition for judicial review because the opposing party's application for agency rehearing was still pending. *See id.* at 190–91. Still, the petitioner's statutory interpretation of the deadline to file the petition—although wrong—was "reasonable." *Id.* at 189–90. Therefore, although petitioner's second filing was clearly untimely because it came more than thirty days after the final agency action, we held that it could relate back. *Id.* at 191.

For the foregoing reasons, we read interim rule 16.309(3)(*c*) as allowing a corrected filing to relate back to the date of the original submission in some situations. A ruling excluding this possibility would

be subject to multiple flaws. It would give no effect to the language of the rule requiring the filer to keep track of the date and time of the original submission. It would allow district court jurisdiction to be dependent on how a clerk exercised his or her discretion.[7] It would erode the clarity of existing deadlines to appeal to district court. And it would provide no protection to the filer if the original submission was returned erroneously or if the clerk's office took a long time to process and then ultimately return a filing.

Accordingly, we hold today that a resubmitted filing can relate back to the original submission date for purposes of meeting an appeal deadline when the following circumstances converge. First, the party submitted an electronic document that was received by EDMS prior to the deadline and was otherwise proper except for minor errors in the electronic cover sheet—i.e., errors that could have been corrected or disregarded by the clerk. Second, the proposed filing was returned by the clerk's office after the deadline because of these minor errors. Third, the party promptly resubmitted the filing after correcting the errors.

**IV. Conclusion.**

For the reasons above, we reverse the judgment of the district court dismissing the petition and remand the case for further proceedings.

**REVERSED AND REMANDED.**

---

[7]We do not mean to imply that the clerk's office acted unreasonably in returning the filing on November 19. That office would not have known that doing so would potentially jeopardize jurisdiction over this administrative appeal.