**IN THE COURT OF APPEALS OF IOWA**

No. 17-1066
Filed September 12, 2018

**LEON EDWARD GOEDKEN,**
    Plaintiff-Appellee,

**vs.**

**ALLIANCE PIPELINE, L.P.,**
    Defendant-Appellant.

_____

    Appeal from the Iowa District Court for Buchanan County, Stephanie C. Rattenborg, District Associate Judge.

    A pipeline company challenges the dismissal of its small claims appeal as untimely based on the resubmission of its notice of appeal after a designation error in the electronic document management system. **REVERSED AND REMANDED**.

    Philip S. Bubb and Nicole M. Moen of Fredrikson & Byron, PA, Minneapolis, Minnesota, for appellant.

    Julian West of Craig, Wilson & Flickinger, Independence, for appellee.

    Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Farmer Leon Goedken sought damages from Alliance Pipeline, L.P. (Alliance), for loss of crop yield based on the operation of a natural gas pipeline across his property. A judicial magistrate awarded $1864 in damages to Goedken. Alliance filed a notice of appeal with the district court on the final day provided by statute for bringing small claims appeals. Alliance also filed a brief, mistakenly designating it as a second notice of appeal in the electronic document management system (EDMS). The clerk of court rejected the filings and, on the same day, Alliance resubmitted the properly designated brief and notice of appeal, one day beyond the statutory deadline. The district court eventually dismissed the appeal as untimely and declined to entertain Alliance's motion to reconsider. In this discretionary review, Alliance seeks to revive its small claims appeal. Finding the district court had jurisdiction to consider Alliance's appeal, we reverse and remand for a determination on the merits.

## I. Prior Proceedings

On February 6, 2017, the magistrate entered judgment against Alliance. The pipeline company appealed on February 27, 2017.[1] Alliance submitted two electronic documents—a notice of appeal and a brief—both of which Alliance designated as notices of appeal in EDMS. Alliance received confirmation of submission at 6:49 p.m. The following day, February 28, at 10:05 a.m., Alliance also received an email with the subject line "rejection notice" from the clerk of

---

[1] Alliance had twenty days from judgment to file a written notice of appeal. *See* Iowa Code § 631.13(1) (2017). Because the twentieth day fell on a Sunday, Alliance had until midnight on Monday, February 27, to timely file its appeal. *See id.* § 4.1(34).

court.[2]  The clerk rejected both documents because of the incorrect designation of the brief as a notice of appeal.  The clerk filled in this reason for rejection: "There should only be one notice of appeal in each case this has 2 in this case.  It charged $370.00 instead of $185.00.  The other document is a brief not a notice of appeal."  Alliance also received a separate email notice that the previous day's filing had been rescinded.

The attorney for Alliance called the clerk, who advised him to refile both documents with the correct designation, though the clerk did not point to any error with the actual notice of appeal.  Alliance corrected the designation and promptly resubmitted both documents.  Alliance received confirmation of the second submission at 10:10 a.m., February 28, 2017.  The clerk accepted the documents and dated them with an electronic file stamp of February 28.  That same day, the chief judge of the First Judicial District issued an order directing the small claims appeal to proceed.

In March 2017, the parties filed merits briefs in the district court.  In supporting the magistrate's decision, Goedken did not contest the timeliness of the appeal.  In June 2017, the district court, on its own motion, questioned the timeliness of the small claims appeal.  The court affirmed the magistrate's judgment—finding it had no jurisdiction because the notice of appeal was filed one day late.

Alliance filed a "Motion to Reconsider or Amend Findings under Iowa Court Rule 1.904" explaining the situation with the EDMS designation.  In its order, the

---

[2] The notice was sent from efiling.mail@iowacourts.gov.

court faulted Alliance for not raising the EDMS issue in its appeal briefing and noted "[t]here is no provision for a Motion for Reconsideration in small claim. Defendant's Motion for Reconsideration is denied due to lack of jurisdiction." Alliance successfully sought discretionary review from our supreme court. Goedken waived the filing of an appellee's brief.

## II.      Scope and Standards of Review

Because this case presents a question of the district court's jurisdiction to consider the small claims appeal, our review is for legal error. *See Root v. Toney*, 841 N.W.2d 83, 86 (Iowa 2013). We are not bound by the district court's conclusions of law, but we defer to its findings of fact unless they are not supported by substantial evidence. *Jacobs v. Iowa Dep't of Transp.*, 887 N.W.2d 590, 593 (Iowa 2016). "[W]e try to interpret our statutes and rules so they effectuate just and reasonable results, not arbitrary ones." *Id.* at 597.

## III.      Analysis

This appeal involves both small claims procedure and the EDMS rules. *See generally* Iowa Code chapter 631 (2017); Iowa Rules of Court, Chapter 16 (Iowa Rules of Electronic Procedure).

We start with the small claims procedure. Alliance had until Monday, February 27, 2017, to appeal the magistrate's February 6 ruling. Iowa Code § 631.13(1) ("No appeal shall be taken after twenty days."); § 4.1(34) (in computing filing deadlines, extending time "to include the whole of the following Monday" when the last day falls on Sunday); *see also* Iowa R. Elec. P. 16.309(1)(c) (setting midnight as the filing deadline). Alliance filed a notice of appeal on February 27, but the clerk of court rejected the filing on February 28 because an accompanying

brief was mistakenly identified as another notice of appeal. Per the clerk's advice, Alliance resubmitted both its notice of appeal and the appropriately designated brief on February 28. Because this resubmission was outside the statutory deadline, the district court eventually dismissed the appeal. Alliance argues the resubmission should relate back to the original timely submission date under the analysis in *Jacobs*, 887 N.W.2d at 599.

But the first hurdle for Alliance is establishing its relation-back argument was properly presented to the district court. Although no party questioned the timeliness of Alliance's resubmission of its notice of appeal, the district court—acting in an appellate capacity—properly raised the matter on its own accord. *See Crowell v. State Pub. Def.*, 845 N.W.2d 676, 681 (Iowa 2014) ("[A]n appellate court has responsibility sua sponte to police its own jurisdiction."). After the parties prepared merits briefing, the district court dismissed the appeal as untimely—based on Alliance's February 28 filing of the notice of appeal.

Alliance then filed what it labeled as a "motion to reconsider or amend" under Iowa Rule of Civil Procedure 1.904(2). The motion described—through an affidavit from its attorney—Alliance's experience in wrongly designating the brief in EDMS and attached the relevant emails received from the clerk's office. Alliance asked the district court to consider the appeal on its merits. In ruling on that motion, the district court suggested Alliance should have raised the issue of the correct filing date in its small claims appeal[3] and noted that small claims procedure did not allow for a motion to reconsider.

---

[3] It may have been better practice for Alliance to advance its argument for the timeliness of the appeal in the substantive briefing of the small claims action. But because Goedken

It is true the legislature omitted any provision for filing posttrial motions in small claims actions for both the initial hearing and on appeal to the district court. *Midwest Recovery Servs. v. Cooper*, 465 N.W.2d 855, 857 (Iowa 1991) ("To provide for such motions would push the process toward formalism, expense and delay in obtaining a final judgment."). But in this case, Alliance was not asking for the district court to reconsider a judgment on the merits under rule 1.904, but rather to reexamine its jurisdiction in light of further study after receiving pertinent information from a party. *See Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 395 (Iowa 1988) ("The label attached to a motion is not determinative of its legal significance; we will look to its content to determine its real nature."). We conclude the district court had the power to correct its earlier ruling dismissing the small claims appeal. *See id.* at 396; *see also* Iowa Code § 631.13(4)(a)(2) (allowing the deciding judge to order additional evidence be presented if the record is inadequate to render a judgment on appeal in a small claims action).

We next turn to the EDMS issue. Under rule 16.306(2), a document is considered filed when EDMS receives it, unless the clerk returns the submission. When the clerk discovers an error in the filing of a document, several scenarios are possible. The clerk will ordinarily notify the filer of the error and advise what further action must be taken. Iowa R. Elec. P. 16.308(2)(d)(1). A clerk may return the submission to the filer with an explanation of the error and instructions to

---

did not challenge the timeliness of the appeal, and because it is unclear whether the district court was aware of Alliance's exchange with the clerk's office concerning the minor error in the original EDMS submission, we do not find Alliance's failure to anticipate the district court's dismissal on jurisdictional grounds constituted a waiver of its position.

correct it.[4]  *Id.* 16.308(2)(d)(2).  In the case of "minor" errors, the clerk "may, with or without notifying the parties, either correct or disregard the error."  *Id.* 16.308(2)(d)(3).  Electronic documents are not officially filed until they have an electronic file stamp.  *Id.* 16.307(3).

Alliance contends the resubmission date of February 28 should relate back to the date of its original submission of the notice of appeal on February 27.  It asserts *Jacobs* is controlling.  887 N.W.2d at 599.  In *Jacobs*, a law firm submitted a petition for judicial review on the last day allowed by statute.  *Id.* at 591.  But the next day the clerk returned the filing because the firm failed to include the petitioner's address on the electronic cover sheet and failed to describe the appeal as "civil-administrative."  *Id.* at 592.  Our supreme court held because EDMS received the petition for judicial review before the filing deadline, the clerk returned the submission after the deadline because of "minor errors" in the electronic cover sheet, and the filer corrected the errors and promptly resubmitted the document, the date of filing related back to the date of the original, timely, submission.  *Id.* at 597–99.  The *Jacobs* court observed that a clerk's exercise of discretion should not determine an appeal's outcome.  *Id.* at 599.

We agree Alliance's experience closely resembles the situation in *Jacobs.*  As in that case, no one claims Alliance's error in designating the brief as a second notice of appeal was "anything but 'minor.'"  *See id.* at 597.  In fact, Alliance may

---

[4] "In such instances, it is the responsibility of the filer to keep a record of the notice EDMS generated to verify the date and time of the original submission.  The rules of this chapter are not intended to address whether a filer who submits a corrected filing after return of the original submission may have the date and time of the corrected filing relate back to the date and time of the original submission."  Iowa R. Elec. P. 16.308(2)(d)(2).

have an even more sympathetic case for relating the second submission back to the original filing of the notice of appeal.  Here, the clerk rejected both the notice of appeal and the brief, but only the brief contained an error.  Each document electronically filed with the clerk receives its own file stamp reflecting the date it was initially received by EDMS.  Iowa R. Elec. P. 16.307(1).  The clerk did not need to reject Alliance's notice of appeal based on the improperly designated brief.  If the clerk had not rejected the notice of appeal, the electronic file stamp would have reflected the date of February 27, making the appeal timely.  In addition, like in *Jacobs*, the discretion given the clerk to "correct or disregard" a minor error under rule 16.308(2)(d)(3) would apply to the document designation in this case.  *See* 887 N.W.2d at 599.  Under the *Jacobs* analysis, we hold resubmission of the notice of appeal on February 28 relates back to the original submission one day earlier for the purposes of meeting the appellate deadline.  *See id.*  We reverse the dismissal by the district court and remand for further proceedings on the merits of the small claims appeal.

**REVERSED AND REMANDED.**