**IN THE COURT OF APPEALS OF IOWA**

No. 17-1067
Filed September 12, 2018

**JOSEPH JAMES PARIS**
        Plaintiff-Appellee,

**vs.**

**ALLIANCE PIPELINE, L.P.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buchanan County, Stephanie C. Rattenborg, District Associate Judge.

        A pipeline company challenges the dismissal of its small claims appeal as untimely based on the resubmission of its notice of appeal after a designation error in the electronic document management system. **REVERSED AND REMANDED**.

        Philip S. Bubb and Nicole M. Moen of Fredrikson & Byron, PA, Minneapolis, Minnesota, for appellant.

        Julian West of Craig, Wilson & Flickinger, Independence, for appellee.

        Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**TABOR, Judge.**

Farmer Joseph Paris sought damages from Alliance Pipeline, L.P. (Alliance), for loss of crop yield based on the operation of a natural gas pipeline across his property. A judicial magistrate awarded $217 in damages to Paris. Alliance filed a notice of appeal with the district court on the final day provided by statute for bringing small claims appeals. Alliance also filed a brief, mistakenly designating it as a second notice of appeal in the electronic document management system (EDMS). The clerk of court rejected the filings and, on the same day, Alliance resubmitted the properly designated brief and notice of appeal, one day beyond the statutory deadline. The district court eventually dismissed the appeal as untimely and declined to entertain Alliance's motion to reconsider. In this discretionary review, Alliance seeks to revive its small claims appeal. Finding the district court had jurisdiction to consider Alliance's appeal, we reverse and remand for a determination on the merits.

On February 6, 2017, the magistrate entered judgment against Alliance. The pipeline company appealed on February 27, 2017.[1] Alliance submitted two electronic documents—a notice of appeal and a brief—both of which Alliance designated as notices of appeal in EDMS. Alliance received confirmation of submission at 6:47 p.m. The following day, February 28, at 9:47 a.m., Alliance also received an email with the subject line "rejection notice" from the clerk of court.[2] The clerk rejected both documents because of the incorrect designation of

---

[1] Alliance had twenty days from judgment to file a written notice of appeal. *See* Iowa Code § 631.13(1) (2017). Because the twentieth day fell on a Sunday, Alliance had until midnight on Monday, February 27, to timely file its appeal. *See id.* § 4.1(34).

[2] The notice was sent from efiling.mail@iowacourts.gov.

the brief as a notice of appeal. The clerk filled in this reason for rejection: "There should only be one notice of appeal in each case this has 2 in this case. It charged $370.00 instead of $185.00. The other document is a brief not a notice of appeal." Alliance also received a separate email notice that the previous day's filing had been rescinded.

The attorney for Alliance called the clerk, who advised him to refile both documents with the correct designation, though the clerk did not point to any error with the actual notice of appeal. Alliance corrected the designation and promptly resubmitted both documents. Alliance received confirmation of the second submission at 10:01 a.m., February 28, 2017. The clerk accepted the documents and dated them with an electronic file stamp of February 28. That same day, the chief judge of the First Judicial District issued an order directing the small claims appeal to proceed.

In March 2017, the parties filed merit briefs in the district court. In supporting the magistrate's decision, Paris did not contest the timeliness of the appeal. In June 2017, the district court, on its own motion, questioned the timeliness of the small claims appeal. The court affirmed the magistrate's judgment—finding it had no jurisdiction because the notice of appeal was filed one day late.

Alliance filed a "Motion to Reconsider or Amend Findings under Iowa Court Rule 1.904" explaining the situation with the EDMS designation. In its order, the court faulted Alliance for not raising the EDMS issue in its appeal briefing and noted "[t]here is no provision for a Motion for Reconsideration in small claim. Defendant's Motion for Reconsideration is denied due to lack of jurisdiction." Alliance

successfully sought discretionary review from our supreme court. Paris waived the filing of an appellee's brief.

The EDMS filing error and the contentions raised by Alliance on appeal are identical to those discussed in *Goedken v. Alliance Pipeline*, No. 17-1066, 2018 WL ____ (Iowa Ct. App. Sept. 12, 2018), also filed today. In both cases, we apply the analysis in *Jacobs v. Iowa Department of Transportation*, 887 N.W.2d 590, 599 (Iowa 2016) to hold Alliance's resubmission of the notice of appeal relates back to the original submission—one day earlier—for the purpose of meeting the appellate deadline. As in *Goedken*, we reverse the district court's dismissal and remand for further proceedings on the merits of the small claims appeal.

**REVERSED AND REMANDED.**