# IN THE COURT OF APPEALS OF IOWA

No. 20-0879
Filed June 16, 2021

**PATRICIA K. CARLSON,**
Plaintiff-Appellant,

**vs.**

**SECOND SUCCESSION, LLC, IOWA COMMERCIAL ADVISORS, LLC d/b/a CUSHMAN & WAKEFIELD IOWA COMMERCIAL ADVISORS, and JONES PROPERTY SERVICES, INC.,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Linn County, Fae Hoover-Grinde, Judge.

Patricia Carlson appeals the dismissal of her personal injury lawsuit against the defendants. **AFFIRMED.**

John C. Wagner of John C. Wagner Law Offices, P.C., Amana, for appellant.

Alex E. Grasso, Des Moines, for appellees Second Succession, LLC, Iowa Commercial Advisors, LLC d/b/a Cushman & Wakefield Iowa Commercial Advisors.

Matthew G. Novak and Bradley J. Kaspar of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee Jones Property Services, Inc.

Considered by Doyle, P.J., Greer, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MAHAN, Senior Judge.**

Patricia Carlson appeals the dismissal of her personal injury action against Second Succession, LLC; Iowa Commercial Advisors, LLC; and Jones Property Services, Inc. Carlson contends the district court erred in dismissing her lawsuit on statute-of-limitations grounds upon concluding the petition was filed one day after the expiration of the two-year deadline set out in Iowa Code 614.1(2) (2020). Upon our review, we affirm.

There is no dispute as to the relevant facts. On January 3, 2020, at 6:53 p.m., Carlson attempted to file a petition against the defendants alleging she was injured after she "slipped and fell" on January 8, 2018. On January 6, at 2:54 p.m., the clerk of court returned the filing, informing counsel it would not accept the petition because the cover sheet did not contain a birthdate and a social security number. *See* Iowa R. Elec. P. 16.308(2)(d)(2) ("The clerk of court may return the submission to the filer with an explanation of the error and instructions to correct the filing."); *see also* Iowa Code § 602.6111(1) (requiring a petition to include, among other information, "[t]he birth date of the party" and "[t]he social security number of the party"). On January 9, 2020, at 3:51 p.m., Carlson filed the petition with a complete cover sheet. Jones Property Services filed a motion to dismiss pursuant to the statute of limitations, which the other defendants joined. Carlson resisted the defendants' motion. Following a hearing, the district court entered an order granting the motion and dismissing Carlson's petition.

On appeal, Carlson contends the court "erred in granting the motion to dismiss because the petition filing of January 9, 2020 should *relate back* to the original and timely filing date of January 3, 2020." We review this claim for

correction of errors at law. *See Jones v. Great River Med. Ctr.*, No. 17-1646, 2018 WL 4360983, at *2 (Iowa Ct. App. Sept. 12, 2018). To support her contention, Carlson relies on *Jacobs v. Iowa Department of Transportation*, 887 N.W.2d 590, 599 (Iowa 2016). In *Jacobs*, the supreme court held "a resubmitted filing can relate back to the original submission date for purposes of meeting an appeal deadline when the following circumstances converge": (1) "the party submitted an electronic document that was received by [the electronic document management system (EDMS)] prior to the deadline and was otherwise proper except for minor errors in the electronic cover sheet—i.e., errors that could have been corrected or disregarded by the clerk," (2) "the proposed filing was returned by the clerk's office after the deadline because of these minor errors," and (3) "the party promptly resubmitted the filing after correcting the errors." 887 N.W.2d at 599 (concluding the facts presented met all three requirements and finding the filing related back).

The district court determined the *Jacobs* factors did not "converge" in this case. Most significantly, as the district court observed, "the record shows that the clerk returned the filing two days *before* the deadline"—on January 6. Accordingly, the second *Jacobs* factor was not satisfied. And Carlson did not resubmit the petition until three business days after the clerk returned it—on January 9. Under these circumstances, we question whether the resubmission would be considered "prompt" within the third *Jacobs* factor. *See e.g.*, *Goedken v. All. Pipeline, L.P.*, No. 17-1066, 2018 WL 4360903, at *2–3 (Iowa Ct. App. Sept. 12, 2018) (allowing resubmission to relate back when it was filed the same day after it was returned by the clerk of court); *Jones*, 2018 WL 4360983, at *3 (observing a resubmission correcting an error filed the day after it was returned by the clerk of court was

"prompt"). Moreover, Carlson's initial filing omitted identification information required by statute, errors that arguably could not have been corrected or disregarded by the clerk, as envisioned under the first *Jacobs* factor. *See* Iowa Code § 602.6111(1); *Jacobs*, 887 N.W.2d at 599. Upon our review, we find no error in the district court's application of the law to these facts and circumstances. We affirm the court's dismissal of Carlson's petition.

**AFFIRMED.**