# IN THE COURT OF APPEALS OF IOWA

No. 20-0395
Filed November 3, 2021

**JOHN ARTHUR WILSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

John Arthur Wilson appeals the denial of his motion to set aside a default judgment dismissing his postconviction-relief applications. **AFFIRMED.**

Susan R. Stockdale, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

John Arthur Wilson appeals the denial of his motion to set aside a default judgment dismissing his postconviction-relief (PCR) applications. We find his notice of appeal related back to its original filing, and the court did not abuse its discretion in granting a default judgment in favor of the State and denying Wilson's motion to set aside default. We affirm.

**I. Background Facts & Proceedings**

On October 8, 2010, Wilson was convicted of second and third degree theft. This court affirmed his convictions on February 13, 2013, with procedendo issuing on April 10, 2013. *See State v. Wilson*, No. 10-1711, 2013 WL 531035, at *5 (Iowa Ct. App. Feb. 13, 2013). On April 7, 2016, Wilson filed an application for PCR, alleging thirty-two issues in an amended and supplemented application. In February 2017, the application was consolidated with a second application for PCR relating to a separate conviction from 2013. The court granted the addition of four supplementary issues in June.

In September, the trial court granted Wilson's unopposed application for partial summary judgment, vacating one conviction and sentence. Wilson's remaining convictions and sentences were still "in full force and effect."

In October, the State moved for sanctions after Wilson failed to appear for his deposition relating to the remaining PCR issues. The State also requested default judgment on the remaining claims. The court ruled "the State's motion for dismissal and default is premature at this juncture." The court set a deadline for Wilson to appear for his deposition, stating if he failed to appear again, "the court will entertain a renewed motion from the State for dismissal and default judgment."

In January 2018, the State renewed its motion for default judgment because Wilson appeared by telephone for his deposition on the date of the court's deadline. The court denied the State's motion again but ordered Wilson to appear for an in-person deposition by mid-April. Wilson appeared for his deposition before the deadline.

The State filed a motion for partial summary judgment. Wilson participated in the hearing by telephone. The court granted the State's summary judgment motion, disposing of twenty-four issues with the remaining issues to be set for trial. In December, Wilson applied for interlocutory appeal, which the supreme court denied.

Wilson's attorney was permitted to withdraw in March 2019, and the trial was continued. New counsel was appointed and, on March 19, filed an appearance. An order issued on April 16, setting a new trial date for November 13. Wilson was served with the new trial date as a registered user of the electronic filing system.

Wilson did not appear at the November 13 trial. The State and Wilson's attorney were both present. Wilson's attorney informed the court Wilson had generally not been in contact over the months of representation and had not responded to email, phone calls, or letters. Wilson had not signed a release so counsel could obtain his file from the previous attorney. Counsel stated without Wilson's participation or his file, "it's impossible to present his evidence or a case at this time."

The State moved for a default judgment. The court found Wilson had notice of the proceedings and had no known impediment to his presence. The court

found Wilson in default pursuant to Iowa Rule of Civil Procedure 1.971(3) and granted the motion.[1] The order indicated the availability of a motion to set aside the default judgment and stated, "Applicant should take notice of the foregoing and govern himself accordingly."

Wilson moved to set aside the default judgment, stating he did not think he had to be present and thought a continuance would be granted. The court held a hearing and heard testimony from Wilson about his failure to appear. On February 4, 2020, the court ruled Wilson's proffered reasons were not credible, held Wilson did not establish good cause for his failure to appear at trial, and denied his motion to set aside the default judgment.

Wilson appeals.

**II. Jurisdictional Question**

The State argues, as a preliminary matter, this court lacks jurisdiction to decide this appeal as Wilson's notice of appeal was not timely filed. Wilson argues the notice was correct and should have been accepted, so his re-filed notice should relate back and be considered timely.

Late in the afternoon on March 5, 2020—the last day of the thirty-day window to file an appeal—Wilson's counsel filed together a notice of appeal, an application to withdraw, and a proposed order allowing the withdrawal and preparation of transcripts. The notice of appeal had the correct case number, but the other two documents filed at the same time had the wrong case number. An

---

[1] Rule 1.971(3) provides "A party shall be in default whenever that party . . . fails to be present for trial."

informational copy of the notice of the appeal was filed with the clerk of the supreme court. *See* Iowa R. App. P. 6.102(2)(b).

On March 6, the district court approved counsel's motion to withdraw and ordered the preparation of transcripts at state expense. The court also entered an order concerning a pending pro se motion to enlarge and amend, explaining that per Iowa Code section 822.3A (2020),[2] it would take no action on the self-represented filing.

On Monday, March 9, the clerk of the district court sent a rejection notice indicating the March 5 filing was returned because the motion to withdraw used the wrong case number. The clerk rescinded the March 5 filing notice and alerted Wilson's counsel, "The filing was not filed." Within an hour of receiving the rejection notice, counsel refiled the three documents and a "Motion to accept refiled notice of appeal as timely." The court did not reissue the order granting counsel's motion to withdraw. However, on April 6, the court appointed Wilson new counsel for a hearing on the motion to accept the refiling as timely and on appeal.

The court denied the motion to accept the filing because "[Wilson]'s motion is not one this court has the authority to entertain." The court also referred to Iowa Rule of Electronic Procedure 16.309, which covers date and time of electronic filing, deadlines, and technical difficulties.

In *Jacobs v. Iowa Department of Transportation*, 887 N.W.2d 590, 592 (Iowa 2016), our supreme court addressed the timeliness of a petition for judicial

---

[2] Section 822.3A states a PCR applicant "who is currently represented by counsel shall not file any pro se document, including . . . .[a] motion in Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings."

review that was filed timely, rejected by the clerk of court due to a missing address and a mislabel, and refiled the next morning with the corrections. The court concluded a corrected filing may in some situations relate back to the original submission date, noting the court's jurisdiction otherwise could "be dependent on how a clerk exercised his or her discretion." *Jacobs*, 887 N.W.2d at 599. The court held,

> [A] resubmitted filing can relate back to the original submission date for purposes of meeting an appeal deadline when the following circumstances converge. First, the party submitted an electronic document that was received by EDMS prior to the deadline and was otherwise proper except for minor errors in the electronic cover sheet—i.e., errors that could have been corrected or disregarded by the clerk. Second, the proposed filing was returned by the clerk's office after the deadline because of these minor errors. Third, the party promptly resubmitted the filing after correcting the errors.

*Id.*; *see also Toney v. Parker*, 958 N.W.2d 202, 208–09 (Iowa 2021) (using the *Jacobs* framework and allowing summary judgment resistance filings rejected for an error in one document to relate back).

Here, the notice of appeal was submitted before the deadline. The notice had no errors, needed no corrections, and would have been accepted if filed on its own. The proposed filing was returned after the deadline—and after the court had already ruled on the motion that contained the erroneous case number. Also, Wilson's counsel promptly refiled all three rejected documents. Under the *Jacobs* analysis, we hold resubmission of the notice of appeal on March 9 relates back to the original submission on March 5 for purposes of meeting the appellate deadline. *See Goedken v. Alliance Pipeline, L.P.*, No. 17-1066, 2018 WL 4360903, at *3 (Iowa Ct. App. Sept. 12, 2018) (finding where "the clerk rejected both the notice of

appeal and the brief, but only the brief contained an error" the resubmitted notice of appeal relates back to original submission date).

### III. Standard of Review

A district court's grant or denial of a motion for default judgment is reviewed for an abuse of discretion. *See Jack v. P & A Farms, Ltd.*, 822 N.W.2d 511, 515 (Iowa 2012). A ruling on a motion to set aside the default judgment is also reviewed for an abuse of discretion. *Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009).

### IV. Analysis

A. Default. On appeal, Wilson claims the district court erred in entering default judgment and denying his motion to set aside default judgment. Citing *Furgison v. State*, 217 N.W.2d 613, 618 (Iowa 1974), Wilson argues default procedures should not apply in postconviction actions.[3]

"All rules and statutes applicable in civil proceedings . . . are available to the parties." Iowa Code § 822.7. The Iowa Rules of Civil Procedure contain an entire section on default judgments. *See* Iowa R. Civ. P. 1.971–.977. "Default judgments are proper when a party has failed to take the next step required in a suit." *Mott v. State*, No. 12-1293, 2013 WL 5962908, at *1 (Iowa Ct. App. Nov. 6, 2013). That said, "default judgments are disfavored." *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 700 (Iowa 2021). In civil cases, default judgment may be imposed following "willful, fault, or bad faith" noncompliance with discovery orders. *See*

---

[3] The applicant in *Furgison* sought default judgment in his favor when the State failed to respond to his postconviction application within thirty days. 217 N.W.2d at 618.

*Troendle v. Hanson*, 570 N.W.2d 753, 755–56 (Iowa 1997); *Clester v. State*, No. 17-1896, 2019 WL 719167, at *3–4 (Iowa Ct. App. Feb. 20, 2019).

In the past, we have found "entry of a default judgment against a represented applicant who fails to appear for trial was improper." *Mott*, 2013 WL 5962908, at *1 (evaluating a default judgment against an applicant who was not allowed to appear by prison officials). However, we cautioned that ruling "should not be construed to indicate a default judgment is never available in postconviction proceedings." *Id.* at *1 n.3.

Our supreme court has held:

> [W]hen a party *and* the party's representative fail to appear for trial, the decision to grant or deny a motion for default judgment under rule 1.971(3) rests within the sound discretion of the trial court. However, we do not interpret rule 1.971(3) to permit the entry of a default judgment against a party who fails to appear personally for trial when *the party's attorney is present and able to proceed in the party's absence.*

*Jack*, 822 N.W.2d at 519 (second emphasis added) (internal citations omitted). A party's presence is reasonably necessary to the trial when the party's absence prevents the district court from "adequately functioning and dispensing justice." *Id.* at 517.

In this PCR case, Wilson had a history of failing to appear for properly noticed depositions and hearings, with the State moving multiple times for default judgment. He did not provide a release of his file with previous counsel or otherwise provide present counsel with information necessary to make his case at trial. Counsel was able to offer no reason why Wilson could not be present at trial at its scheduled time. The court concluded Wilson had notice of the trial date, was out of State custody with no impediment to his presence, and made no effort to

contact his attorney or the court to explain the circumstances preventing his presence. We find the court did not abuse its discretion in finding Wilson in default and entering judgment in favor of the State and dismissing Wilson's PCR application.

B. Motion to set aside default. As part of its default judgment order, the court specifically noted for Wilson's benefit that he could file a motion and—on showing good cause—have the court set aside the default judgment. Wilson filed a motion to set aside the default judgment.[4]

"This court will resolve all doubt on whether a default judgment should be set aside in favor of setting aside the default judgment." *No Boundry*, 953 N.W.2d at 700. Appellate courts are "more reluctant to interfere with a court's grant of a motion to set aside a default and a default judgment than with its denial." *Id.* (citation omitted). The court is to balance the movant's "burden to plead and prove good cause" with "a liberal construction of the rule to afford an opportunity for adjudication on the merits." *Id.* The court's determination of good cause is a legal conclusion, not a factual finding, and so is not binding on us. *Id.* at 704.

Iowa Rule of Civil Procedure 1.977 specifies the conditions under which the court may set aside a default judgment: "On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise,

---

[4] Wilson and his counsel filed separate motions. However, as of July 1, 2019, the court could not consider pro se filings if the applicant had counsel. Iowa Code § 822.3A.

excusable neglect or unavoidable casualty." We have clarified these conditions and what the movant needs to establish.

> Good cause is a "sound, effective, and *truthful reason*. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." Rather, the reason for default must rise to one of the grounds enumerated in the rule: mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Additionally, good cause requires at least a claimed defense asserted in good faith.

*Sheeder*, 764 N.W.2d at 780 (internal citations omitted). .

Wilson asserted "he was mistaken as to his need to participate in this proceeding in order to advance the case forward" and that he mistakenly believed a continuance of the trial would be granted if he did not appear and counsel was unable to prosecute his claims in his absence. Wilson argues there is no basis for a finding he was not interested in having his day in court and "[i]t is more likely his absence was due to mistake or inadvertence."

The burden was on Wilson to establish good cause by proving one of enumerated grounds. *No Boundry*, 953 N.W.2d at 700. "[W]e should excuse . . . fault when the circumstances of the case otherwise point to the diligent pursuit of a litigant's claim." *Whitehorn v. Lovik*, 398 N.W.2d 851, 854 (Iowa 1987).

Wilson offered no credible evidence his failure to appear was a mistake. He knew via counsel and his own EDMS account that trial was to occur that day, but he testified he thought trial would be continued so his attorney could prepare for it. He assumed trial could proceed in his absence but failed to sign a release so his counsel could access Wilson's files and prepare for trial. Wilson testified his attorney had emailed him the trial was continued. But when asked for a copy of the email, he redacted most of it, claiming attorney-client privilege, leaving only a

fragment of a sentence: ". . . we are going to have to continue your trial so I can properly prepare." When the court asked directly if Wilson had any reason he could not be physically present at trial, Wilson answered he was sick but could not produce any proof. As was the case in *Sheeder*,

> [The movant] offered no credible evidence his failure to appear was a mistake. As found by the district court, his stated reason for failure to appear was false. We disagree with the premise that one can lie to the court about the reason for not appearing and then succeed on a motion to have the default set aside. A movant cannot prove any of the grounds enumerated in the rule based upon an untruth.

764 N.W.2d at 782.

Wilson has not established a sound, effective, and truthful reason for missing trial that rose to the level of "mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." *See* Iowa R. Civ. P. 1.977; *Sheeder*, 764 N.W.2d at 780. The district court did not abuse its discretion in denying Wilson's motion to set aside default judgment.

**AFFIRMED.**