# IN THE SUPREME COURT OF IOWA

No. 112/ 06–0918

Filed December 28, 2007

**MARK D. ANTOLIK**,

   Appellant,

vs.

**TARA J. McMAHON**,

   Appellee.

Appeal from the Iowa District Court for Delaware County, Alan L. Pearson, Judge.

Plaintiff in personal injury case appeals from district court's dismissal based on the plaintiff's failure to effect timely service of original notice. **AFFIRMED.**

Chad A. Swanson of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for appellant.

E. David Wright of Gilloon, Wright & Hamel, P.C., Dubuque, for appellee.

**LARSON, Justice.**

Mark Antolik sued Tara McMahon for damages sustained in a motor vehicle accident. Antolik's suit was filed on July 29, 2005, but he did not serve an original notice on the defendant until December 29, 2005, well beyond the ninety-day period provided for service of notice under Iowa Rule of Civil Procedure 1.302(5). The district court granted the defendant's motion for summary judgment and dismissed the case, concluding that the issue of timeliness of service was properly raised in the defendant's amended answer, and an ex parte order extending the ninety-day period was insufficient as a matter of law. We affirm.

## I. Facts and Prior Proceedings.

When the plaintiff failed to serve an original notice by October 5, 2005, the court administrator's office in the first judicial district set a hearing for October 31, 2005, to review the plaintiff's efforts toward service of notice. On October 11, 2005, the plaintiff applied for, and obtained, an ex parte order extending the time for service to January 3, 2006. The application for extension was based on the plaintiff's assertion that the parties were involved in ongoing settlement negotiations. The defendant filed her original answer on January 11, 2006, and, on January 26, filed an amended answer asserting a claim that the plaintiff failed to make timely service of notice. She also filed a motion for summary judgment seeking dismissal on that basis.

## II. Discussion.

Iowa Rule of Civil Procedure 1.302 governs service of process for commencement of civil actions. Rule 1.302(5) provides that, if service is not made within ninety days of the filing of the petition,

> the court, upon motion or its own initiative after notice to
> the party filing the petition, shall dismiss the action without
> prejudice . . . or direct an alternate time or manner of

> service. If the [plaintiff] shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

In this case, the plaintiff applied for and obtained an ex parte extension of time to serve the notice. However, the defendant argues, and the district court ruled, that as a matter of law the basis for the extension was insufficient.

The plaintiff argues that the district court erred in dismissing his case for two reasons. First, the defendant waived any objection to the sufficiency and timeliness of service by failing to raise the issue in a pre-answer motion to dismiss under Iowa Rule of Civil Procedure 1.421(1). Second, the plaintiff argues that his time to serve the defendant was validly extended by the ex parte order, and the district court, in its summary judgment ruling, erred in concluding otherwise.

**A. The Waiver Argument.** Under our rules, "a civil action is commenced by filing a petition with the court." Iowa R. Civ. P. 1.301(1). Notice must then be served on the defendant within ninety days of the date the petition was filed, unless an extension is granted by the court for good cause. Iowa R. Civ. P. 1.302(5). A defendant may challenge the sufficiency of service as provided by Iowa Rule of Civil Procedure 1.421(1). Under that rule, "[e]very defense to a claim for relief in any pleading must be asserted in the pleading responsive thereto." The responsive pleading is generally the defendant's answer to the petition or an amendment to the answer. *See* Iowa R. Civ. P 1.421(1). Rule 1.421 sets forth six specific challenges, including insufficiency of service, that may be raised by pre-answer motion. The issue in the present case is whether these six challenges, specifically insufficiency of service, are waived if raised in a defendant's answer rather than by pre-answer motion.

Historically, challenges such as those specified in rule 1.421(1) had to be made by special appearance. *See In re Estate of Dull*, 303 N.W.2d 402, 407 (Iowa 1981) ("It is well settled that the sole purpose of a special appearance proceeding is to challenge the court's jurisdiction."); Jeffrey J. Kanne, Note, *The Special Appearance Rule in Iowa: Last Century's Innovation Becomes a Present Day Anomaly*, 70 Iowa L. Rev. 501, 503 (1985) [hereinafter *The Special Appearance Rule*]. If a special appearance was not filed or the parties addressed issues beyond the jurisdictional issues, the defendant was considered to have submitted to the jurisdiction of the court, and any jurisdictional challenges were deemed waived. *Dull*, 303 N.W.2d at 407 ("As such, it constituted a general appearance, and any defects in the original notice served . . . were waived."); *The Special Appearance Rule*, at 503. Iowa specifically abolished the special appearance requirement in 1987 and enacted rule 88, which is substantially similar to today's rule 1.421. In doing so, Iowa conformed to the modern trend. *See The Special Appearance Rule*, at 502–03.

Rule 1.421(1) provides: "The following defenses or matters *may* be raised by pre-answer motion . . . *(c)* Insufficiency of the original notice or its service." (Emphasis added.) The use of the word "may" indicates that raising such defenses in a pre-answer motion is permissive, and as such, the pleader may choose to raise the defense in a pre-answer motion, a responsive pleading, or in some other manner such as a motion for summary judgment. However, the plaintiff relies on subsections 1.421(3) and (4) to support his argument that the defendant waived his objection to service of notice by not raising it in a pre-answer motion under rule 1.421(1)(*c*). Rule 1.421(3) states:

> If the grounds therefor exist at the time a pre-answer motion is made, motions under rule 1.421(1)(b) through 1.421(1)(f) shall be contained in a single motion and only one such motion assailing the same pleading shall be permitted, unless the pleading is amended thereafter.

Rule 1.421(4) states:

> If a pre-answer motion does not contain any matter specified in rule 1.421(1) or 1.421(2) that matter shall be deemed waived, except lack of jurisdiction of the subject matter or failure to state a claim upon which relief may be granted.

Antolik contends subsections 1.421(3) and (4) mandate that the six challenges enumerated in subsection 1.421(1), including insufficiency of the service of notice, be raised in a pre-answer motion or be deemed waived. We reject that view. Subsections 1.421(3) and (4) do not make a pre-answer motion the sole avenue in which to raise the six challenges set forth in rule 1.421(1). Rather, these subsections mean simply that, if one challenge is raised in a pre-answer motion, all challenges enumerated in subsections 1.421(1)(*b*)–(*f*), for which grounds exist at the time the petition is filed, must be raised in that motion or be deemed waived, thus prohibiting a party from filing multiple pre-answer motions. That is not the case here; only one challenge was raised—insufficiency of the service—and that was not raised in a pre-answer motion. Further, the discretionary language of rule 1.421(1) must be contrasted to the language in the next rule, rule 1.421(2), which illustrates how such waiver may be mandated. Rule 1.421(2) provides: "Improper venue . . . *must* be raised by pre-answer motion filed prior to or in a single motion under rule 1.421(3)." (Emphasis added.)

In addition, rule 1.455 indicates our intent to allow a challenge to the sufficiency of the service of notice to be raised in either a pre-answer motion or at a later stage. Under that rule, "the defenses of . . . (5)

insufficiency of service of process . . ., *whether made in a pleading or by motion,* shall be determined before trial, unless the court orders that determination thereof be deferred until the trial." Iowa R. Civ. P. 1.455 (emphasis added). Rule 1.455 anticipates that a defendant may choose to raise such a challenge in the answer, as the defendant did here, and that the court should rule on it prior to trial. Such ruling could occur, as it did here, in a summary judgment proceeding.

We conclude the defendant properly raised the service-of-notice issue in her amended answer. The issue remains whether the plaintiff showed good cause for the delay in service of notice.

**B. The Good Cause Argument.** As noted, rule 1.302(5) requires service of notice within ninety days after the filing of the petition unless good cause is shown for the delay. In this case, service was made 153 days after filing. Plaintiff's attorney, during the ninety days provided in rule 1.302(5), obtained an order from a district court judge extending the time for service, citing as the reason therefor that he "has been in settlement negotiations and it may be unnecessary to proceed with litigation if settlement can be obtained." This order was entered without notice to the defendant, and even more important, the grounds urged were insufficient as a matter of law.

> [S]ettlement negotiations, even if done in good faith, do not constitute adequate justification or good cause for delaying service. Rule 49 contemplates that when a petition is filed, a defendant should be served promptly. The existence of ongoing settlement negotiations is not a sufficient reason for delaying service.

*Henry v. Shober,* 566 N.W.2d 190, 193 (Iowa 1997) (citation omitted).

We conclude the district court was correct in ruling that the timeliness issue was properly raised in the defendant's amended answer

and that the plaintiff failed to show good cause for the delay in service. Judgment of the district court is therefore affirmed.

**AFFIRMED.**