# IN THE COURT OF APPEALS OF IOWA

No. 17-1646
Filed September 12, 2018

**ANTHONY S. JONES,**
       Plaintiff-Appellant,

**vs.**

**GREAT RIVER MEDICAL CENTER and MARIA SCHNITZER, M.D.,**
       Defendants-Appellees.
_____

       Appeal from the Iowa District Court for Des Moines County, Mary Ann Brown, Judge.

       A patient appeals the dismissal of his medical malpractice lawsuit against a hospital and an emergency room physician. **AFFIRMED.**

       James A. Hales of Law Offices of James A. Hales, PLLC, Burlington, for appellant.

       Connie M. Alt and Kristymarie Shipley of Shuttleworth & Ingersoll, PLC, Cedar Rapids, for appellees.

       Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**TABOR, Judge.**

Physician Maria Schnitzer and her employer, Great River Medical Center (Great River), leveled two attacks against a medical malpractice lawsuit filed by Anthony Jones. First, they argued Jones filed the suit outside the two-year statute of limitations. Second, they asserted Jones failed to timely serve them with the petition. The district court dismissed on the first ground. Jones appeals the dismissal. We agree dismissal was proper but rest our decision on the second ground.[1]

### I.        Facts and Prior Proceedings

On April 28, 2015, Jones sought treatment for a "cardiac event" at Great River's emergency room (ER). Jones alleges during his visit, ER doctor Schnitzer breached her duty of confidentiality by "blurting out a statement" that he "just tested positive for methamphetamine in his bloodstream."

On Friday, April 28, 2017, at 11:58 p.m., counsel for Jones filed a petition against Dr. Schnitzer and Great River via the electronic document management system (EDMS). Counsel had two minutes to spare before the two-year statute of limitations expired. The trouble was the petition appeared to be unsigned.[2] On

---

[1] We may affirm a pretrial ruling on a proper ground urged below even if not relied upon by the district court. *See Kern v. Palmer Coll. of Chiropractic*, 757 N.W.2d 651, 662 (Iowa 2008).

[2] Counsel characterizes his signature as "illegible." He claims he signed the petition using a blue "gel pen" and the signature did not appear on the electronic document after he scanned the petition using the settings found in the guidelines for scanning documents set out by the Iowa Judicial Branch information technology team. Counsel claims when he resubmitted petition he adjusted the scanning settings so the signature became "legible." We agree that technically an invisible signature is not "legible": "capable of being read or deciphered." *Legible*, *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/legible (last visited July 27, 2018). But we will refer to the petition as "unsigned" in our decision. The outcome in this appeal does not turn on whether the signature was absent or illegible.

Monday, May 1, the clerk of court informed counsel it would not accept his filing without a signature. Counsel submitted a properly signed petition the next day. He also submitted a motion seeking "leave to replace scanned version of petition for filing." The district court deferred its ruling on the motion until after the defendants had been served.

Jones served Great River on August 11, 2017. Two weeks later, Great River filed a pre-answer motion to dismiss based on Jones's failure to complete service within ninety days—the deadline was July 27.[3] *See* Iowa R. Civ. P. 1.302(5). Alternatively, Great River requested dismissal based on the petition being resubmitted outside the two-year statute of limitations; the defendant argued Jones's first petition did not stop the clock because the clerk rejected it for lack of a signature.

Jones resisted the motion to dismiss, arguing (1) good cause existed to extend the deadline for service and (2) the petition was filed within the statute of limitations. The district court considered Great River's motion to dismiss without oral argument. The court granted the motion on statute-of-limitations grounds, concluding the petition was filed four days after the expiration of the two-year deadline set out in Iowa Code section 614.1(9) (2017). The court declined to address the service issue.

---

[3] Dr. Schnitzer had not yet been served when Great River filed its motion to dismiss. On the afternoon of July 27, counsel searched the internet for Dr. Schnitzer and found several websites showing she still worked at Great River. Counsel tried to reach her at Great River by telephone, but the receptionist did not have a number to transfer the call. Counsel concluded from his search and the phone call that Dr. Schnitzer was still employed at Great River. But the sheriff was unable to serve Dr. Schnitzer because she no longer worked at Great River. Upon further research, counsel discovered Dr. Schnitzer now works in New Mexico.

Jones appeals the dismissal.

## II.      Scope and Standard of Review

We review dismissals for the correction of errors at law.  *Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016).  We likewise assess statute-of-limitations claims and service-of-process questions for legal error.  *State v. Tipton*, 897 N.W.2d 653, 672 (Iowa 2017) (reviewing dismissal based on statute of limitations); *Wilson v. Ribbens*, 678 N.W.2d 417, 418 (Iowa 2004) (reviewing dismissal based on failure to effectuate timely service).

## III.      Analysis

### A.      EDMS Rules and the Relation-Back Doctrine

Jones seeks to reinstate his lawsuit, contending the district court misconstrued the rules of electronic procedure.  First, he first points to rule 16.305(6), which provides that a signature on an electronic document is presumed valid and authentic unless otherwise established by clear and convincing evidence.  Second, he relies on rule 16.308(2)(d)(2) in asserting his resubmitted, signed petition should relate back to the date of the original filing rejected by the clerk.  *See Jacobs v. Iowa Dep't of Transp.*, 887 N.W.2d 590, 599 (Iowa 2016).

We are not convinced rule 16.305(6) applies in this situation.  The validity or authenticity of an existing signature was not at issue.  Instead, the clerk rejected the original petition based on the apparent absence of any signature.  Iowa Rule of Civil Procedure 1.411 requires each pleading to bear the signature of the party or attorney filing it.  The EDMS rules permit the clerk to reject a filing that omits a required signature.  Iowa R. Elec. P. 16.308(d).  Because the clerk rejected the

petition due to the absence of a signature, the EDMS rule presuming the validity of signatures does not save Jones's filing.[4]

We next turn to Jones's relation-back argument. Under rule 16.306(2), an electronic document is considered filed when EDMS receives it, unless the clerk returns the submission. When the clerk discovers an error in the filing of a document, several scenarios are possible. The clerk will ordinarily notify the filer of the error and advise what further action must be taken. *Id.* r. 16.308(2)(d)(1). A clerk may return the submission to the filer with an explanation of the error and instructions to correct it.[5] *Id.* r. 16.308(2)(d)(2). In the case of "minor" errors, the clerk "may, with or without notifying the parties, either correct or disregard the error." *Id.* r. 16.308(2)(d)(3). Electronic documents are not officially filed until they have an electronic file stamp. *Id.* r. 16.307(3).

In *Jacobs v. Iowa Department of Transportation*, our supreme court addressed when a resubmitted electronic document may relate back to the original submission date. 887 N.W.2d at 599. In *Jacobs*, a law firm submitted a petition for judicial review on the last day allowed by statute. *Id.* at 591. The next day the clerk returned the filing because the electronic cover sheet omitted the petitioner's address and a description of the appeal. *Id.* at 592. The court held because the EDMS received the petition before the filing deadline, the clerk returned the

---

[4] The same rule permits the clerk to reject a document that was "scanned incorrectly." Thus, counsel's contention that scanning difficulties caused his signature to vanish does not change the analysis.

[5] "In such instances, it is the responsibility of the filer to keep a record of the notice EDMS generated to verify the date and time of the original submission. The rules of this chapter are not intended to address whether a filer who submits a corrected filing after return of the original submission may have the date and time of the corrected filing relate back to the date and time of the original submission." *Id.* r. 16.308(2)(d)(2).

submission because of "minor errors" after the deadline, and the filer corrected the errors and promptly resubmitted the document, the resubmission related back to the original, timely filing. *Id.* at 597–99. The *Jacobs* court noted the EDMS rules were designed "to continue the court practices that governed paper filing, not to change them." *Id.* at 599 (citing *Concerned Citizens of Southeast Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 401 (Iowa 2015)).

In dismissing Jones's lawsuit, the district court distinguished *Jacobs*, reasoning the absence of a signature on the petition was not the kind of "minor error" that allowed the resubmission to relate back to the original filing under the EDMS rules. *See* 887 N.W.2d at 599. The court emphasized: "A petition containing a valid signature is basic to the Rules of Civil Procedure."

We agree the absence of a visible signature on Jones's petition does not fit the category of "minor error" referenced in rule 16.308(2)(d)(3) that the clerk could, with or without notifying the parties, either correct or disregard. But we are also mindful of continuing the court practices that governed paper filings. Accordingly, we find it instructive that before the advent of electronic filing, our supreme court construed the language of the civil procedure rule requiring a signature on petitions as "merely directory." *See In re Estate of Dull*, 303 N.W.2d 402, 407 (Iowa 1981) (holding signature of a suspended attorney, while rendering petition defective, did not deprive the district court of subject matter jurisdiction), *superseded by rule on other grounds as stated in Antolik v. McMahon*, 744 N.W.2d 82 (Iowa 2007); *see also Brown v. Kerkhoff*, No. 4:05CV00274JEG, 2005 WL 2671529, at *12 (S.D. Iowa Oct. 19, 2005) (noting Iowa's flexible interpretation of rules governing pleading technicalities and allowing relation back where plaintiffs omitted last page

of petition in original filing in its application of Iowa law); *First Nat'l Bank v. Stone*, 98 N.W. 362, 363 (Iowa 1904) ("While the provision of the statute that the pleading 'must be subscribed' is imperative in form, the use of these words does not necessarily mean in all cases that failure to observe their requirement makes the paper bearing this defect an absolute nullity.").

We hold where the electronic filer promptly signed the petition after the clerk brought the omission to his attention, the civil action should be considered commenced at the time of the original, timely submission. *See Critchlow v. Reliance Mut. Ins. Ass'n*, 197 N.W. 318, 319 (Iowa 1924) (explaining if filing is construed as "mere amendment to the original cause of action" then "it relates back to the filing of such original petition, and clearly the plea of the statute of limitations is not available to appellee"). But our conclusion concerning the resubmission's relation back does not end our analysis. We next address Great River's alternative theory that Jones failed to effectuate timely service.

### B. No Good Cause to Extend Time for Service

"If service of the original notice is not made upon the defendant . . . within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant." Iowa R. Civ. P. 1.302(5). Rule 1.302(5) "enables a defendant who has been served beyond the ninety-day period, in the absence of an order for an extension, to move to dismiss the petition based on unjustified delay in completing service of process." *Meier v. Senecaut*, 641 N.W.2d 532, 542 (Iowa 2002). When the defendant is served notice more than ninety days after the

petition was filed, the district court should dismiss the case unless the plaintiff shows good cause for the delay. *Crall v. Davis*, 714 N.W.2d 616, 620 (Iowa 2006).

To show good cause, the plaintiff must have taken affirmative steps to effectuate service of process on the defendants or have been prohibited—through no fault of his own—from taking such steps. *Id.* Good cause is not satisfied by a showing of "inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service." *Id.*; *see Rucker v. Taylor*, 828 N.W.2d 595, 599 (Iowa 2013) (clarifying that "good cause" in rule governing service is to be determined on a case-by-case basis).

In this case, Jones filed his action on April 28, 2017; the ninety-day deadline for serving the defendants was July 27, 2017. Great River was not served with the petition until August 11, 2017, and—according to our record—Dr. Schnitzer, who had moved to New Mexico, was never served. Jones did not ask for an extension to serve notice on the defendants.

Counsel for Jones submitted affidavits detailing his single attempt at timely service, which occurred at 3:00 p.m. on July 27—the last day under the rule. At that time, counsel directed his legal assistant—whom he described as having a "serious case of attention deficit hyperactivity disorder"—to personally serve Great River and Dr. Schnitzer at the hospital.[6] At 4:30 p.m. the same day, counsel retrieved a voicemail left by his assistant—her attempt at service was

---

[6] Counsel acknowledged that it was not until that afternoon that he did "internet research" to confirm his believe that Dr. Schnitzer still practiced medicine at Great River. Counsel later learned Dr. Schnitzer had relocated her practice.

unsuccessful. Counsel called his assistant and instructed her to arrange for service at the sheriff's office "as expediently as possible."

Eight days later, counsel asked his assistant to check with the sheriff's office to see if the defendants had been served. The assistant revealed she had not returned to the sheriff's office since July 27, when she discovered the department she needed was closed. Counsel again dispatched his assistant to the sheriff's office, where she finally delivered the service packets.

In his affidavit, counsel also explained he had been suffering from debilitating health problems for eighteen months. Some of these ailments resulted in his hospitalization and otherwise negatively affected his ability to practice law. Counsel described occasionally putting his practice on "temporary hold" due to his poor health.

While counsel's health issues are regrettable, they do not constitute good cause for the failure to achieve timely service of process in this case. Counsel waited until late afternoon on day ninety to put in motion his efforts to serve the lawsuit on the defendants. *See Prier v. Billhymer*, 17-1630, 2018 WL 3650349, at *2 (Iowa Ct. App. Aug. 1, 2018) (upholding dismissal where plaintiff did not attempt service until three days before deadline and did not ask for an extension of time to serve notice). Counsel's misplaced reliance on his legal assistant to effectuate service at the hospital that afternoon falls short of good cause for not complying with the civil-procedure deadline. We affirm the district court's decision dismissing the action.

**AFFIRMED.**