# IN THE COURT OF APPEALS OF IOWA

No. 20-1465
Filed February 16, 2022

**MALEA D. MERCHANT,**
      Plaintiff-Appellant,

**vs.**

**GARRETT LEE WILSON,**
      Defendant-Appellee.
_____

Appeal from the Iowa District Court for Benton County, Chad A. Kepros, Judge.

Malea Merchant appeals the grant of summary judgment in favor of Garrett Wilson. **AFFIRMED.**

Jeffrey L. Clark of Thomas & Clark, LLC, Anamosa, for appellant.

Joshua R. Strief of Elverson Vasey, Des Moines, for appellee.

Considered by May, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**AHLERS, Judge.**

Malea Merchant sued Garrett Wilson seeking damages for injuries she claimed to have suffered in a collision between their vehicles. Merchant used the Benton County Sheriff's office to serve original notice on Wilson. The process server served the papers on Wilson's mother at her residence and submitted a return of service stating that service was completed by substitute service on Wilson's mother.

Wilson filed an answer. In his answer, he asserted affirmative defenses. His defenses included a claim that "there is insufficiency of the original notice or in service, and/or there is lack of jurisdiction over the person and/or subject matter." The case progressed in a routine fashion for the next several months, with the parties filing a discovery plan, participating in a trial scheduling conference, and setting a trial date.

About three months after filing his answer, Wilson moved for summary judgment. His motion, supported by affidavits, alleged defects in the manner of service of original notice. In particular, the motion asserted that Merchant's service on Wilson's mother was not permissible substitute service because Wilson was an adult and did not live at his mother's residence at the time she was served. The motion documents also asserted defects in the form of the original notice, claiming they were not signed or sealed by the clerk as required by Iowa Rule of Civil Procedure 1.302(2). Merchant resisted Wilson's motion, asserting Wilson could not raise defective service and notice in a motion for summary judgment after participating in the suit. The resistance did not include a statement of disputed facts or affidavits. It also did not cite to any affidavits, depositions, answers to

interrogatories, admissions on file, or any other source of information disputing any of the facts asserted in Wilson's affidavits filed with his summary judgment motion.

The district court found Wilson's motion for summary judgment was a proper vehicle for his challenge to service and notice. The court then granted Wilson's motion for summary judgment based solely on his first ground—the manner of service of the original notice on him was defective—and dismissed Merchant's case. In its ruling, the court did not address any claims of defects in the form of the original notice. Merchant filed a motion to reconsider pursuant to Iowa Rule of Civil Procedure 1.904(2) and (3). The motion sought reconsideration of the court's ruling as to the manner of service of original notice. It did not ask the court to address any claims related to defects in the form of the original notice. The court denied the motion to reconsider, and Merchant appeals.

On appeal, Merchant raises two issues. First, she argues that any defects in the form of the original notice were not fatally defective. Second, she argues Wilson waived any objections to defective service by substantially participating in the lawsuit and failing to file a motion to dismiss.

We decline to address the first issue. To the extent there is a dispute over the form of the original notice or the effect of any claimed defects in it, the district court did not address or resolve the dispute and did not use defective notice as a basis for granting summary judgment. As that issue remains unresolved, there is no ruling on it adverse to Merchant from which she can seek relief on appeal.

We turn to the issue of whether summary judgment was properly granted based on defects in the manner of service of original notice. "A ruling on summary judgment is reviewed for correction of errors at law." *Munger, Reinschmidt &*

*Denne, L.L.P. v. Lienhard Plante*, 940 N.W.2d 361, 365 (Iowa 2020). "Summary judgment is appropriate when the record shows no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing Iowa R. Civ. P. 1.981(3)).

Merchant lodges a two-pronged attack on the district court's ruling: (1) there are factual disputes whether Wilson lived at his mother's residence when she was served; and (2) Wilson waived his objection to the manner of service by participating in the lawsuit rather than filing a motion to dismiss. We find neither prong of this attack persuasive.

As to the first prong, we start by addressing the rules regarding personal service. Iowa Rule of Civil Procedure 1.305 describes the manner by which original notice may be served and starts by stating "[o]riginal notices are 'served' by delivering a copy to the proper person." The rule goes on to state that personal service is made upon an individual who has attained the age of majority—as Wilson had at the time service was attempted—by taking a written acknowledgment of service or "serving the individual personally." *See* Iowa R. Civ. P. 1.305(1). It is undisputed that this was not done here. Alternatively, the rule permits serving original notice "at the individual's dwelling house or usual place of abode" by serving "any person residing therein who is at least 18 years old." *Id.* This manner of service, frequently referred to as "substitute service," is the one relied upon by Merchant. But the undisputed facts, as shown by the affidavits submitted in support of Wilson's motion for summary judgment, demonstrate that Wilson did not live with his mother at the time his mother was served. So, while the mother was at least eighteen years old and resided at the residence at which

she was served, Wilson did not reside there and it was not his usual place of abode. Merchant provided no competing evidence that would generate a factual dispute on this issue.

Merchant seeks to get around the problem that she presented no competing evidence to generate a fact question by suggesting the case should be remanded for a hearing to present evidence of whether Wilson lived at his mother's residence at the time she was served. But the time for doing that has passed. As our supreme court bluntly put it, "[s]ummary judgment is not a dress rehearsal or practice run; 'it is the put up or shut up moment in a lawsuit, when a [nonmoving] party must show what evidence it has that would convince a trier of fact to accept its version of the events.'" *See Slaughter v. Des Moines Univ. Coll. of Osteopathic Med.*, 925 N.W.2d 793, 808 (Iowa 2019) (second alteration in original) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005)). Merchant presented no evidence that Wilson lived at the residence at which his mother was served at the time she was served, and Merchant did not request additional time for discovery to obtain such evidence. As a result, there was no genuine issue of material fact generated, and Wilson was entitled to summary judgment due to lack of proper service of original notice.

Turning to the second prong of Merchant's attack, Merchant argues Wilson waived any objection to notice by appearing and participating in the lawsuit. Merchant makes a policy argument that Wilson should not be "able to 'sit' on his" notice defense "while fully participating in additional discovery and court hearings—even setting the date for a jury trial," raising the notice defense only after Merchant's time to serve proper notice expires. Our supreme court has

already declared that a litigant need not object to notice in a pre-answer motion and may raise notice in a later filing. *See Antolik v. McMahon*, 744 N.W.2d 82, 83–84 (Iowa 2007). "We are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). So, we find nothing improper in Wilson's use of summary judgment as a method for challenging improper service of original notice.

We also disagree with Merchant's suggestion that Wilson's defense of improper service of notice was "generic" and did not fairly put her on notice of claimed defects in service. Wilson's answer clearly set out a separate section for affirmative defenses, and one of the asserted defenses was "there is insufficiency of the original notice or in service, and/or there is lack of jurisdiction over the person." This fairly put Merchant on notice that Wilson was claiming a defect with the original service and the manner in which it was served. Merchant could have asked, either informally or through formal discovery, for details of the basis of this claim, but there is no indication that she did. Further, Iowa Rule of Civil Procedure 1.981(6) provides a procedure for the court to grant a continuance before ruling on a summary judgment motion to give the nonmoving party additional time to obtain affidavits, take depositions, or engage in other discovery if reasons are given for doing so. There is no indication Merchant sought such additional time here, so we are not persuaded by Merchant's claim that Wilson "sat" on this defense until springing it on Merchant at an opportune time.

As a final response to Merchant's suggestion that Wilson improperly waited to file a motion for summary judgment rather than filing a pre-answer motion to dismiss, we note that our supreme court has discouraged motions to dismiss,

encouraging lawyers to "exercise 'professional patience' and challenge vulnerable cases by summary judgment or at trial instead of through 'premature attacks on litigation by motions to dismiss.'" *Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 296 (Iowa 2020) (quoting *Cutler v. Klass, Whicher & Mishne*, 473 N.W.2d 178, 181 (Iowa 1991)).  Wilson exercised that professional patience here.  In doing so, he did not waive his notice defense and was able to raise the issue in his motion for summary judgment.

The district court was right when it granted Wilson summary judgment.

**AFFIRMED.**