# IN THE COURT OF APPEALS OF IOWA

No. 25-1435
Filed June 24, 2026

**David Redmond,**
Plaintiff–Appellant,

v.

**Flora Crawford,**
Defendant–Appellee.

Appeal from the Iowa District Court for Linn County,
The Honorable Michael Harris, Judge.

**AFFIRMED**

Charles R. Turner of Thomas J. Reilly Law Firm, P.C., Des Moines,
attorney for appellant.

Spencer Vasey Dirth and Joshua R. Strief of Elverson Vasey, Des Moines,
attorneys for appellee.

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

David Redmond appeals the district court's order dismissing his personal injury action against Flora Crawford for failure to timely serve notice on Crawford. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

On December 30, 2024, less than a week before the statute of limitations ran, Redmond filed a petition against his sister, Flora Crawford, alleging he "suffered significant injuries" as a result of a slip-and-fall accident on January 4, 2023, while he was exiting a home at 1631 Maple Drive NW in Cedar Rapids, which was "owned or rented by Flora Crawford," and that his fall was caused by Crawford's "negligence . . . in failing to keep the entry and exit of her home free of slipping hazards" or warn of hazards. Redmond contacted a private process server, who served Damian Walker, Crawford's son-in-law, at 4504 49th Place in Des Moines on January 23, 2025.

On March 11, Crawford filed an answer and affirmative defense, maintaining in part that "[t]here is insufficiency in service of the original notice and petition," and Redmond's petition "is barred by the applicable statute of limitations." The ninety-day deadline imposed by Iowa Rule of Civil Procedure 1.302(5) to serve the original notice and petition expired on March 30. On May 12, Crawford moved for summary judgment, claiming Redmond "failed to properly serve [her] by the [rule] 1.302(5) deadline." Crawford maintained that she lived in Ankeny, and she had not lived at 4504 49th Place "since 2019, at which time she lived there for approximately 6 months." Redmond resisted the motion.

On May 14, Redmond filed a motion for leave to extend the deadline for service, claiming there was good cause for the delay, stating in part that

he believed Crawford resided at 4504 49th Place; Damian Walker is Crawford's son-in-law; and he had knowledge that Crawford went to 4504 49th Place "frequently throughout the week to help babysit Damian Walker's children." Redmond also stated that Crawford's attorney filed an answer "following email correspondence between the attorneys of record." Crawford resisted the motion.

The district court granted Crawford's motion for summary judgment, denied Redmond's motion for leave to extend the deadline for service, and dismissed Redmond's petition. Redmond appeals.

## STANDARD OF REVIEW

We review the court's ruling for correction of errors of law, viewing the evidence in the light most favorable to the party opposing summary judgment. *McClure v. E. I. du Pont de Nemours & Co.*, 23 N.W.3d 33, 40 (Iowa 2025). "Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id.*

## ANALYSIS

Iowa Rule of Civil Procedure 1.302 governs service of process for commencement of civil actions. The rule "expressly require[s] plaintiffs to effect service within ninety days after the filing of the petition, or risk dismissal." *Wilson v. Ribbens*, 678 N.W.2d 417, 420 (Iowa 2004). Specifically,

> [i]f service of the original notice is not made upon the defendant . . . within 90 days after filing the petition, the court . . . shall dismiss the action without prejudice . . . or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Iowa R. Civ. P. 1.302(5).

The district court denied Redmond's motion for leave to extend the deadline for service, rejecting his claims that Crawford misled him by providing an incorrect address and that he had no reason to believe service was defective until Crawford moved for summary judgment. On appeal, Redmond raises four challenges to the court's ruling.

## I.     Sufficiency of Service

First, Redmond claims the court erred in concluding Crawford "was not properly served in accordance with Iowa Rule of Civil Procedure 1.305." *See* Iowa R. Civ. P. 1.305(1) (allowing service to be made "at the individual's dwelling house or usual place of abode" by serving "any person residing therein who is at least 18 years old"). To support this contention, Redmond claims "Crawford personally supplied the address where service occurred, the papers were left under the care of a person at that address, and Crawford later confirmed she received and reviewed them, and filed an answer." He distinguishes the court's ruling in *Yellow Book Sales & Dist. Co. v. Walker*, No. 09-1308, 2010 WL 3894459 (Iowa Ct. App. Oct. 6, 2010), and argues the facts here support the conclusion that Crawford was personally served.

But this was not an argument Redmond made to the district court, nor did the district court rule on the same. This claim is thus not preserved for our review. In its ruling, the district court stated, "Plaintiff does not dispute the sufficiency of its service upon Defendant. Instead, Plaintiff argues that Defendant's actions since the filing of the Petition constitute a waiver of insufficient service." The court did not rule on the claim Redmond now raises, and Redmond did not seek a ruling from the court on the issue. Accordingly, error is not preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

But even if this argument were preserved, the procedural rules do not permit service to be perfected by leaving documents with an adult at an address where the defendant does not reside. So even if we were to reach such argument, we would reject the same.

## II.    Good Cause

Here, because there was "no service within ninety days and no order extending the time for service—the delay was 'presumptively abusive.'" *Crall v. Davis*, 714 N.W.2d 616, 620 (Iowa 2006) (quoting *Meier*, 641 N.W.2d at 542). Unless Redmond showed good cause, the result of his failure to meet that service deadline is dismissal without prejudice. *See* Iowa R. Civ. P. 1.302(5).

> Good cause requires taking some affirmative action to effectuate service of process upon the defendant. A plaintiff's inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service do not meet the standard. Rather, good cause is most often found when failure to complete service in timely fashion is a result of the conduct of a third person, a defendant evades service, or the plaintiff otherwise acted diligently in trying to effect service. The standard considers all the surrounding circumstances, including circumstances that would make it inequitable for a defendant to successfully move to dismiss.

*Buel v. Schuler*, No. 23-1814, 2025 WL 1066551, at *3 (Iowa Ct. App. Apr. 9, 2025) (cleaned up).

Redmond maintains that he filed his petition on December 30, 2024, and "[s]hortly thereafter, he contacted Crawford, who provided the Des Moines address . . . for service. On January 23, 2025, service was completed at that address through delivery to Crawford's son-in-law, Damian Walker, as reflected in the sheriff's return. Crawford later admitted she received and read the lawsuit papers." According to Redmond, "those facts supported his good faith belief that Crawford did in fact live at that address," and the

district court "erred in failing to find good cause to extend the service deadline under Iowa Rule of Civil Procedure 1.302(5)."

Redmond relies on several pieces of evidence to support his contention, including an affidavit he signed in June 2025, in which he stated that "Crawford gave me the following address as the address where she wished the petition at law and civil original notice to be served: 4504 49th Place, Des Moines, Iowa." He referenced three "screenshot[s]" in which Crawford provided the 4504 49th Place address to him. The screenshots were filed as exhibits in the record, as follows:

  

In the first, Crawford provided an address for her daughter and son-in-law, 4504 49th Place. In the next, Crawford provided the 4504 49th Place address with no context.[1] In the last screenshot—which does not include a date or time for the messages—Crawford provided the 4504 49th Place

---

[1] In her deposition, Crawford explained that was where the family was "meeting for Thanksgiving dinner."

address as her address, but then immediately corrected herself to state that her address was in Ankeny.[2]

Redmond attested that after the notice was served to 4504 49th Place, he "spoke with" Crawford, "and she stated she received copies of the petition at law and civil original notice and did not have concerns with sufficiency of service." At her deposition, Crawford agreed that she "received the documents from Damian" and reviewed them, but she did not state when Damian gave her "the documents." Crawford initially agreed that she "gave [Redmond] the Des Moines address for service." Crawford then clarified that she did not provide the 4504 49th Place address "so that [Redmond] could serve [her]" there. She stated, "I've never had a conversation that says he wants to serve me for a lawsuit." Crawford attested that she was "living in Ankeny" at all times during which the text message communications took place. She further testified that Redmond had visited her daughter and Damian's address in the past.

Finally, Redmond stated that Crawford questioned an affidavit that she signed in December 2023, which according to Redmond, "was to be used for the sole purpose" of proving Crawford's liability. Interestingly, Redmond obtained Crawford's signature on the affidavit several weeks after the family's Thanksgiving gathering at 4504 49th Place, during which he knew that Crawford did not reside there.

---

[2] In her deposition, Crawford stated the undated communications took place on May 22, 2025 (ten days after Crawford moved for summary judgment). Crawford explained that "at the time [she] didn't pay attention to the address itself," and she "sent [Redmond] an address that was linked to home" in her phone, but then she realized it "was [her] daughter's address," so she corrected her answer to state an Ankeny address.

We view the record in the light most favorable to Redmond and "indulge[] in every legitimate inference the evidence will bear in an effort to ascertain the existence of a genuine issue of fact." *MGM Apartments, LLC v. Mid-Century Ins. Co.*, No. 13-0661, 2014 WL 251898, at *2 (Iowa Ct. App. Jan. 23, 2014). In doing so, we concur with the district court that the screenshots, affidavits, deposition testimony, and other allegations in the record create no genuine issue of material fact as to an alleged directive to serve Crawford at 4504 49th Place or as to Redmond's affirmative action to obtain an extension. As the district court noted:

> Defendant does not admit to giving Plaintiff her daughter's address for service purposes. In fact, the record reflects that Defendant provided the 4509 49th Place address to indicate to Plaintiff where their family would be having Thanksgiving that year. Plaintiff never provides context for the conversation, even when entering the text message into evidence. Plaintiff simply asserts that the address was provided in response to his request for a place to serve Defendant and puts forth no evidence to support that claim. . . . While Defendant does not dispute that she gave Plaintiff the 4509 49th Place address, Defendant challenges the allegations that she purposefully gave Plaintiff the address with the intent of misleading him. This does not constitute a concession of proper service as Plaintiff argues. Likewise, the Affidavit does not indicate that Defendant intended to mislead Plaintiff regarding her address. It does not even state that Defendant provided Plaintiff with the 4509 49th Place address. There is no evidence that Defendant provided Plaintiff the 4509 49th Place address for service purposes. Therefore, the Court finds that no good cause for an extension exists.
>
> Even if the Court were to find that good cause exists, Plaintiff's request for an extension fails due to lack of affirmative action. . . . Though Plaintiff alleges that he had no reason to doubt the sufficiency of service, Plaintiff himself indicates that he knew Defendant would visit 4509 49th Place to spend time with her daughter's family but did not reside there. Furthermore, Defendant's Answer put Plaintiff on notice that she disputes the sufficiency of service. Plaintiff has not claimed to have taken any action in response to Defendant's Answer or made any renewed attempt to serve her despite having over two weeks to do so at that time. Instead, Plaintiff

8

waited until after Defendant filed her motion for summary judgment to respond to her affirmative defense. Plaintiff did not take affirmative action to request an extension before the deadline lapsed and provides no explanation for failure to do so despite being put on notice by Defendant's Answer.

(Internal citations omitted).

We affirm the court's order denying Redmond's motion for leave to extend the deadline for service and granting Crawford's motion for summary judgment on this basis.[3]

---

[3] We reach this decision despite the long-standing preference of our court to decide cases on the merits. In his special concurrence in *Gerth v. Iowa Business Growth, Inc.*, Judge Doyle observed "our jurisprudence is a bit antipodean." *See* No. 17-1018, 2018 WL 5292086, at *7 (Iowa Ct. App. Oct. 24, 2018). As Judge Doyle noted:

> On the one hand, we tout our preference to decide cases on their merits. *See, e.g.*, *MC Holdings, L.L.C. v. Davis Cnty. Bd. of Review*, 830 N.W.2d 325, 328 (Iowa 2013) ("Our legal process normally strives to resolve disputes on their merits."); *Peterson v. Eitzen*, 173 N.W.2d 848, 853 (Iowa 1970) ("We have often stated our strong preference for determination of cases on their merits."). On the other hand, our appellate courts routinely uphold dismissals of cases for failure to follow technical rules. I acknowledge that the "good cause" standard for justifying the failure to timely serve under Iowa Rule of Civil Procedure 1.302(5) has been relaxed a bit in recent years. *See Rucker v. Taylor*, 828 N.W.2d 595, 603 (Iowa 2013) ("Because the substantive rights of a plaintiff can be at stake through the application of a statute of limitations, it is important that the good-cause standard under rule 1.302(5) not be applied too narrowly."). But we can do even more to temper the harshness of application of the rule.

*Id*. Judge Doyle "agree[d] with Justice Waterman when he suggested the rule be amended." *Id*. at *8 (referencing Justice Waterman's dissent in *Rucker*, 828 N.W.2d at 606–07). As Justice Waterman noted:

> I prefer to see cases resolved on their merits, and I think there is something to be said for amending our rule to conform to Federal Rule of Civil Procedure 4(m). Under that rule, even if the plaintiff fails to show "good

## III. Equitable Estoppel

Redmond next claims his affidavit and Crawford's deposition testimony "clearly establish and prove the elements of equitable estoppel under Iowa law." We disagree.

> Equitable estoppel requires [Redmond] to prove the following elements: (1) The defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks knowledge of the true facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely upon such representations to his prejudice.

*McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 531 (Iowa 2015) (citation omitted). The district court concluded that Redmond failed to prove the first three elements:

> As already established, Plaintiff has not sufficiently shown that Defendant made any representation that Plaintiff should serve her at 450[4] 49th Place before she filed her motion. Additionally, Plaintiff had notice that service was contested, thus falling short of the first two elements. Plaintiff has yet to put forth evidence indicating that Defendant provided the 4509 49th Place address with the intent to deceive Plaintiff or avoid service.

---

cause" for not serving the defendant by the deadline, the district court has discretion to extend the time for service. *See* Fed. R. Civ. P. 4(m) (providing that, if a defendant is not timely served, the court "must dismiss the action without prejudice against that defendant *or order that service be made within a specified time*" (emphasis added)).

*Rucker*, 828 N.W.2d at 606–07 (Waterman, J., dissenting).

Judge Doyle maintained that he "would go one step further by adding a prejudice component to the rule 1.302(5) analysis." 2018 WL 5292086, at *8 (Doyle, J., specially concurring). As he explained, "In other words, in the absence of 'good cause' on the part of the plaintiff in failing to timely serve, I would require a showing of prejudice on the part of the defendant before dismissal would be warranted." *Id.*

We concur that the evidence detailed above fails to satisfy Redmond's claim of equitable estoppel. The purpose of the doctrine is to "prevent[] one party who has made certain representations from taking unfair advantage of another when the party making the representations changes its position to the prejudice of the party who relied upon the representations." *ABC Disposal Sys., Inc. v. Dep't of Nat. Res.,* 681 N.W.2d 596, 606 (Iowa 2004). That is not the situation here. We affirm on this issue.

## IV. Affirmative Action

Finally, Redmond claims the court erred by failing to find Crawford "waived any objection to insufficiency of service by conduct, admission, or relinquishment." To support his claim, Redmond argues that Crawford did not dispute sufficiency of service. But Crawford *did* dispute the sufficiency of service in her answer when she stated "[t]here is insufficiency in service of the original notice and petition."[4] And she formally raised it thereafter in her motion for summary judgment. Crawford could raise her defense of insufficiency of service "in a pre-answer motion, a responsive pleading, or in some other manner such as a motion for summary judgment." *Antolik v. McMahon*, 744 N.W.2d 82, 83–84 (Iowa 2007). We affirm on this issue.

## CONCLUSION

Upon our review of the issues properly before us, we affirm the district court's order granting Crawford's motion for summary judgment, denying

---

[4] Even so, after Crawford filed her answer, Redmond still had several weeks within the deadline to move for an extension or properly serve Crawford, which he did not do. Two months later, Crawford moved for summary judgment. Only after that point did Redmond move for an extension.

11

Redmond's motion for leave to extend the deadline for service, and dismissing Redmond's petition.

**AFFIRMED.**