NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DOROTHEA BARNES,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3058

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-13-0025-I-1.

---

Decided:  June 4, 2014

---

DOROTHEA BARNES, of Silver Spring, Maryland, pro se.

NICOLE DECRESCENZO, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before O'MALLEY, TARANTO, and CHEN, *Circuit Judges.*

Per Curiam.

Petitioner Dorothea Barnes ("Ms. Barnes") appeals a decision of the Merit System Protection Board ("Board") dismissing her petition for review of the Board's Initial Decision as untimely. As Ms. Barnes fails to demonstrate that the Board abused its discretion in dismissing her appeal, we *affirm*.

## Background

On September 7, 2012, the United States Equal Employment Opportunity Commission ("EEOC") removed Ms. Barnes from her GS-6 secretary position due to alleged misconduct. Ms. Barnes challenged her removal in an initial appeal to the Board e-filed on October 3, 2012. The Administrative Judge ("AJ") ordered a status conference for November 13, 2012. The AJ and the EEOC's counsel appeared for the conference, but Ms. Barnes did not. At the conference, the EEOC's counsel claimed that it previously had been unable to reach Ms. Barnes, despite repeated attempts. The AJ called Ms. Barnes and left a voicemail requesting that Ms. Barnes contact him immediately. Ms. Barnes failed to contact the AJ.

On November 15, 2012, the AJ issued an "Order to the Appellant" that required Ms. Barnes to contact the AJ by phone or through electronic pleading as soon as possible. The Order stated that, if Ms. Barnes failed to contact the AJ by November 20, 2012, the AJ would issue an Order to Show Cause why the appeal should not be dismissed with prejudice for failure to prosecute. Again, Ms. Barnes failed to contact the AJ.

On November 5, 2012, the EEOC sent a Notice of Deposition to Ms. Barnes, scheduling her appearance for December 12, 2012. Ms. Barnes responded to the Notice of Deposition on November 19, 2012, requesting that the

deposition be rescheduled for January 2013 due to a family commitment in December 2012.

On November 21, 2012, the AJ issued the Order to Show Cause and advised Ms. Barnes that she would need to respond to the order by November 27, 2012. Ms. Barnes again failed to contact the AJ, and, in a November 28, 2012 Initial Decision, the AJ imposed the sanction of dismissal with prejudice under 5 C.F.R. § 1201.43(b) (2014) for failure to comply with Board orders. *Barnes v. Equal Emp't Opportunity Comm'n*, No. DC-0752-13-0025-I-1, 2012 MSPB LEXIS 6975, at *3 (M.S.P.B. Nov. 28, 2012) ("Initial Decision"). The AJ stated that Ms. Barnes's repeated failures to comply with his orders or even attempt to contact him represented a "failure to exercise basic due diligence." *Id.* at *4. In the Initial Decision, the AJ informed Ms. Barnes that the decision would become final unless she filed a petition for review by January 2, 2013. *Id.* at *5. A certificate of service shows that the Initial Decision was served on Ms. Barnes through electronic mail.

Ms. Barnes filed a petition for review on March 4, 2013. Ms. Barnes argued that her delay in filing the petition occurred because she failed to open an email containing the Initial Decision due to the "Thanksgiving Holiday" and a "very long family commitment" that lasted from early December 2012 through January 2013. Respondent's Appendix ("RA") 29. Ms. Barnes also claimed that she did not contact the AJ in November 2012 because of confusion over a deposition notice she received from the EEOC, and because she "did not anticipate any phone calls" from the Board, only communications through physical or electronic mail. RA30.

The Clerk of the Board informed Ms. Barnes on March 19, 2013, that her petition for review was untimely filed and requested that she file a Motion to Waive or Set Aside the Time Limit—which Ms. Barnes filed on March

23, 2013.[1]  Ms. Barnes argued that her March 4, 2013 petition for review was "filed on a timely basis due to conflicting expectations around January 2, 2013." RA21. Ms. Barnes stated that she was expecting approval of a request to reschedule the EEOC's deposition, originally set for December 12, 2012, and had not received any response as of January 2, 2013.  Ms. Barnes also argued that the lack of correspondence from the EEOC's counsel regarding the deposition "was . . . a contributing factor in [her] filing a petition for review late." RA22.  Ms. Barnes stated that, while she received a November 28, 2012 email containing the Initial Decision dismissing her appeal, she was "unaware" of the contents of the decision until after the January 2, 2013 deadline due to the "Thanksgiving Holiday" and a "family commitment that required [her] time and assistance up until the later part of January[] 2013." *Id.* Ms. Barnes also claimed that "[i]llness was not a major factor which caused my petition to be late," and that it was a "family commitment which prevented me for [sic] filing in the timely manner setforth [sic] by the Board." RA21.

In a December 24, 2013 Final Order, the Board dismissed Ms. Barnes's petition for review as untimely filed. *Barnes v. Equal Emp't Opportunity Comm'n*, No. DC-0752-13-0025-I-1, 2013 MSPB LEXIS 6339, at *8 (M.S.P.B. Dec. 24, 2013) ("Final Decision").  The Board found that Ms. Barnes's arguments regarding her "family

---

[1]    The Clerk's notice indicated the wrong relevant dates—mistakenly stating that the Initial Decision issued on November 28, 2011 and that the deadline for the petition for review was January 2, 2012, rather than November 28, 2012 and January 2, 2013, respectively. Ms. Barnes does not claim that this error caused her untimely filing, nor can she given that it occurred *after* her petition for review was filed.

commitment" did not establish good cause for the delay because Ms. Barnes failed to explain the nature of the commitment or how it precluded her from filing a timely petition for review. *Id.* at \*5-6. The Board also noted that, as an e-filer, Ms. Barnes had the responsibility to monitor her case activity even as a pro se party. *Id.* The Board determined that Ms. Barnes's confusion over the deposition date was not a justification for her late filing, as it was unclear how the scheduling of the EEOC's deposition of Ms. Barnes related to her failure to meet the January 2, 2013 deadline. *Id.* at \*7.

Ms. Barnes timely appealed to this Court, and we have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1)(A) (2012) and 28 U.S.C. § 1295(a)(9).[2]

## ANALYSIS

Our review of the Board's decision is limited by statute. We only set aside the Board's actions, findings, or conclusions that are:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence . . . .

5 U.S.C § 7703(c).

We review the factual findings of the Board regarding untimeliness for substantial evidence. *Espenschied v. Merit Sys. Prot. Bd.*, 804 F.2d 1233, 1238 (Fed. Cir. 1986). "[W]hether the regulatory time limit for an appeal [of an

---

[2]     Ms. Barnes filed an untimely letter brief in response to the government's informal brief. We have nevertheless considered the arguments made therein due to her pro se status.

agency action] should be waived based upon a showing of good cause is a matter committed to the Board's discretion and 'this court will not substitute its own judgment for that of the Board.'" *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (quoting *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc)).

When a petitioner files an untimely petition for review, the petitioner must show that there was good cause for the delay and that they "exercised due diligence in attempting to meet the filing deadline." *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003); *see also* 5 C.F.R. § 1201.114(g). Factors demonstrating whether there is good cause for an untimely filing include "the length of the delay, whether the [petitioner] was notified of the time limit, the existence of circumstances beyond the [petitioner's] control that affected his ability to comply with the deadline, the [petitioner's] negligence, if any, and any unavoidable casualty or misfortune that may have prevented timely filing." *Id.* Ms. Barnes thus has the burden to demonstrate good cause for her delay "with a statement explaining precisely why [she] was unable to file [her] appeal on time." *Anderson v. Dep't of Justice*, 999 F.2d 532, 534 (Fed. Cir. 1993).

The Board did not abuse its discretion in finding that the petition for review was untimely, and that Ms. Barnes failed to demonstrate good cause for the untimely filing. The Board requires that a petition for review of an initial decision be filed within 35 days after issuance of the initial decision, or, if the petitioner demonstrates that they received the initial decision more than five days after it issued, within 30 days of receipt. 5 C.F.R. § 1201.114(e). The Initial Decision here clearly identified that Ms. Barnes must file her petition for review by January 2, 2013. Initial Decision, 2013 MSPB LEXIS at *5. Ms. Barnes admits that she received the Initial Decision by email upon issuance. That she chose not to

open the email until after January 2, 2013 does not change the timing of its receipt. Thus, substantial evidence supports the Board's finding that Ms. Barnes's petition was untimely.

We also find no abuse of discretion in the Board's conclusion that Ms. Barnes failed to demonstrate good cause for the untimely filing. Ms. Barnes justified her delay on two grounds: (1) the "Thanksgiving holiday" and a "family commitment" lasting from early December 2012 through January 2013; and (2) confusion over the EEOC's deposition date. Ms. Barnes provided the justification of an out-of-state "family commitment" for her delay, but failed to proffer any reason why that commitment precluded a timely filing. Ms. Barnes also stated that the delay was not due to illness. As noted, moreover, Ms. Barnes admitted to receiving the Initial Decision in a November 28, 2012 email, even though she did not open or read that email until February 2013. As the Board correctly stated, Ms. Barnes was responsible for monitoring the status of her case electronically as an e-filer. Considering these factors, the Board did not abuse its discretion in holding that Ms. Barnes failed to demonstrate good cause based on her "family commitment."

The Board also did not abuse its discretion in concluding that Ms. Barnes's confusion over the timing of her deposition did not amount to good cause for the untimely filing. While Ms. Barnes purportedly did not receive any further communication from the EEOC about rescheduling the deposition after she responded to the Notice of Deposition on November 19, 2012, this is unsurprising in light of the Initial Decision dismissing her appeal with prejudice. Further, Ms. Barnes fails to explain how the confusion over the deposition date justified the untimely filing of the petition for review. Ms. Barnes knew of her future family commitments as of at least November 19, 2012, but failed to timely contact the AJ, the Board, or the

EEOC regarding any confusion she may have experienced due to the deposition's timing.

We recognize that Ms. Barnes proceeded as a pro se petitioner throughout the appeals process. Even accounting for her pro se status, however, we find that the Board had ample evidence to support its finding. The Board considered many appropriate factors, such as the extent of her delay, her knowledge of and access to the Initial Decision, and the limited details she provided to justify her delay, in its analysis.

CONCLUSION

Because the Board did not abuse its discretion in concluding that Ms. Barnes failed to meet her burden to demonstrate good cause for her untimely filing, we affirm the Board's dismissal of her appeal.

**AFFIRMED**

COSTS

No costs.