# IN THE SUPREME COURT OF IOWA

No. 20–0879

Submitted November 17, 2021—Filed March 18, 2022

**PATRICIA K. CARLSON,**

Appellant,

vs.

**SECOND SUCCESSION, LLC, IOWA COMMERCIAL ADVISORS, LLC,** d/b/a
**CUSHMAN & WAKEFIELD IOWA COMMERCIAL ADVISORS,** and **JONES
PROPERTY SERVICES, INC.,**

Appellees.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Linn County, Fae Hoover-Grinde,
Judge.

Personal injury plaintiff seeks further review from court of appeals decision
affirming dismissal for failure to file suit within the limitations period. **DECISION
OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

McDonald, J., delivered the opinion of the court, in which Christensen,
C.J., and Waterman, Mansfield, Oxley, and McDermott, JJ., joined. Appel, J.,
filed a dissenting opinion.

John C. Wagner of John C. Wagner Law Offices, P.C., Amana, for appellant.

Alex E. Grasso of Hopkins & Huebner, P.C., Des Moines, for appellees Second Succession, LLC, and Iowa Commercial Advisors, LLC, d/b/a Cushman & Wakefield Iowa Commercial Advisors.

Matthew G. Novak and Bradley J. Kaspar of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee Jones Property Services, Inc.

**McDONALD, Justice.**

A personal injury suit must be brought within two years after the cause of action accrues. Iowa Code § 614.1(2) (2018). On January 9, 2020, Patricia Carlson filed her personal injury suit one day too late. Defendants Second Succession, LLC, Iowa Commercial Advisors, LLC, and Jones Property Services, Inc., moved to dismiss Carlson's petition on the ground her claims were time-barred. Carlson resisted the motion. She argued her untimely petition related back to January 3; on that date, Carlson attempted to file her petition, but the clerk of court rejected the proposed filing due to Carlson's failure to include personal identification information with the proposed filing. The district court concluded Carlson's filed petition did not relate back to the rejected filing and granted the defendants' motion to dismiss. The court of appeals affirmed the district court, and we granted further review. The question presented is whether Carlson's filed petition related back to her rejected filing.

We begin our answer to the question with background regarding the initiation of a civil action. "For all purposes, a civil action is commenced by filing a petition with the court." Iowa R. Civ. P. 1.301(1). Every petition (with some exceptions not applicable here) must be accompanied by a cover sheet. *See* Iowa R. Civ. P. 1.301(2); Iowa R. Elec. P. 16.306(1)(*a*) (requiring filing of an electronic cover sheet). The cover sheet is used for administrative purposes. Iowa R. Civ. P. 1.301(2). Some of the information requested in a cover sheet is useful for administrative purposes but is not mandated to be collected by any law. *See Jacobs v. Iowa Dep't of Transp.*, 887 N.W.2d 590, 597–98 (Iowa 2016) (identifying

entries on electronic cover sheet). However, some of the information requested in a cover sheet is necessary for administrative purposes and is required by law to be collected.

One piece of necessary and required information is identification information. Iowa law requires that any party who initiates a civil action must provide the clerk of the district court with identification information, specifically her date of birth and social security number. Iowa Code § 602.6111(1)(*b*)–(*c*). This statute is limited by federal law. The Privacy Act of 1974 makes it unlawful for any "[s]tate or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number." Privacy Act of 1974, Pub. L. No. 93-579, § 7(a)(1), 88 Stat. 1896, 1909 (uncodified but appearing in the U.S. Code as a historical note at 5 U.S.C. § 552a). The Office of the Attorney General has opined that "the clerk of court cannot, by virtue of the Privacy Act, refuse to file a pleading or other document if a party does not provide his or her social security number." Op. Iowa Att'y Gen. No. 94–5–1(L) (May 2, 1994), 1994 WL 328337, at *2. Thus, the Iowa statute, as limited by the Privacy Act, requires a party initiating suit to provide, at minimum, her date of birth.

When a party initiates a new case, the clerk of court is authorized to review the proposed filing and take corrective action where the proposed filing is deficient or otherwise erroneous. *See* Iowa Rs. Elec. P. 16.308(2)(*d*)(1) ("If the clerk of court discovers an error in the filing or docketing of a document, the clerk will ordinarily notify the filer of the error and advise the filer of what further

action the filer must take, if any, to address the error."),16.308(2)(*d*)(2) ("The clerk of court may return the submission to the filer with an explanation of the error and instructions to correct the filing."). The rules of electronic procedure specifically identify the "omission of information necessary to properly identify the parties initiating a new case" as an example of a filing error. *Id.* r. 16.308(2)(*d*)(4).

Carlson omitted the necessary and required identification information in her first filing. She attempted to file her petition after regular business hours on Friday, January 3, 2020, at 6:53 p.m. On Monday, January 6, at 2:54 p.m., the clerk notified Carlson in writing that the filing had been rejected. The clerk stated, "I am returning your filing back to you. Please add either the DOB [date of birth] or SS# [social security number] for the plaintiff. We need one or the other not both." The clerk's notice of returned filing generated an electronic notification that was sent directly to the email address for Carlson's attorney. On Thursday, January 9, at 3:51 p.m., Carlson refiled the petition with a complete cover sheet, including the requested identification information. The clerk accepted the petition.

Although Carlson admits her petition was filed one day after the limitations period, she argues the untimely petition should relate back to the unsuccessful filing she attempted on January 3rd. We recently addressed the question of when a filed petition relates back to a proposed filing in *Jacobs v. Iowa Department of Transportation.* 887 N.W.2d 590. In that case, Jacobs filed a petition for judicial review of an administrative agency decision. *Id.* at 592.

Jacobs submitted his petition for judicial review on the last day before the filing period elapsed. *Id.* The next morning, the clerk of court sent Jacobs's counsel a message that his petition had been "Returned Not Filed" because the cover sheet did not identify the correct type of action and lacked Jacobs's address. *Id.* Counsel promptly (just over an hour later) corrected the errors and resubmitted the petition via the court's electronic document management system (EDMS), and the clerk of court accepted the petition for filing. *Id.* On the agency's motion, the district court dismissed the petition for judicial review as untimely. *Id.*

We reversed the judgment of the district court and held the resubmitted filing related back to the original submission date for purposes of meeting a deadline given the convergence of three circumstances. *Id.* at 599. "First, the party submitted an electronic document that was received by EDMS prior to the deadline and was otherwise proper except for minor errors in the electronic cover sheet." *Id.* "Second, the proposed filing was returned by the clerk's office *after* the deadline because of these minor errors." *Id.* (emphasis added). And, third, "the party promptly resubmitted the filing after correcting the errors." *Id.*

More recently, in *Toney v. Parker*, we again addressed the issue of whether a filing related back to a rejected filing. 958 N.W.2d 202, 204 (Iowa 2021). At issue in that case was whether the plaintiff's untimely resistance to the defendant's motion for summary judgment related back to a timely proposed filing. *See id.* In determining the issue, we reiterated the three circumstances relevant to the result in *Jacobs*. *Id.* at 208. We explained the holding in *Jacobs* was necessary to, among other things, give "effect to the language of the rule

requiring the filer to keep track of the date and time of the original submission," to ensure the legal effect of the filing was not "dependent on how a clerk exercised his or her discretion," and to protect the "filer if the original submission was returned erroneously or if the clerk's office took a long time to process and then ultimately return a filing." *Id.* at 209 (quoting *Jacobs*, 887 N.W.2d at 599). We ultimately held the filing related back because the error was minor (inclusion of an unredacted social security number in a document contained in the appendix), the clerk rejected the filing after the deadline, and the documents were refiled promptly—forty-five minutes—after rejection. *See id.*

None of the three circumstances identified in *Jacobs* and *Toney* are present here. First, Carlson did not establish she timely submitted an electronic filing that was otherwise proper except for minor errors. Carlson's original submission had a major error when compared to the minor errors at issue in *Jacobs* and *Toney*. In *Jacobs*, the petitioner omitted his address from the cover sheet and incorrectly categorized his petition for judicial review as "Other Action" when it should have been correctly categorized as a "Civil—Administrative Appeal." *Jacobs*, 887 N.W.2d at 592. Neither party disputed that these errors were minor, and we agreed with that assessment. *Id.* at 597. No statute, court rule, or order required the filer to provide the information. *See id.* at 598 n.5. And the information was not necessary for administrative purposes. *See id.* at 598. In *Toney*, the filer failed to redact a social security number contained in an appendix. *Toney*, 958 N.W.2d at 209. The filing contained information that should not have been disclosed.

In contrast to the unnecessary information at issue in *Jacobs* and the unredacted information at issue in *Toney*, a party is required to provide identification information upon filing a petition. *Jacobs*, 887 N.W.2d at 598 n.5 ("Iowa Code section 602.6111 requires certain identifying information to be provided when filing a petition—specifically the party's birth date and social security number. However, it does *not* require the party's address to be provided."). The identification information is required by statute. *See* Iowa Code § 602.6111(1)(*b*)–(*c*). The identification information is required by rule. *See id.* § 602.6111(3) (providing identification information must be provided "in the manner required by rules or directives prescribed by the supreme court"); Iowa R. Civ. P. 1.411(1) ("The caption of the first papers filed or served by or on behalf of any named party shall include the personal identification number of each named party if available or as soon as is available."). And the identification information is required by supervisory order of this court. *See* Iowa Sup. Ct. Supervisory Order, *In Matter of Forms for Personal Identification Information* (Oct. 20, 2003) (providing that a petition or other filing that brings in a new party must contain the party's birth date, social security number, or (if applicable) employer identification number).

In contrast to the administratively convenient information at issue in *Jacobs* and the unredacted information at issue in *Toney*, a party's identification information is administratively necessary. The information at issue in *Jacobs* was not necessary "to uniquely identify" the party to allow the clerk to correctly docket the matter, index the parties, and route the filings. *Jacobs*, 887 N.W.2d

at 598. Similarly, the unredacted social security number in *Toney* was not only unnecessary, it was actually disallowed. *See Toney*, 958 N.W.2d at 209. In contrast, the identification information missing from Carlson's cover sheet is necessary to allow the clerk to correctly docket the matter, index the parties, and route the filings. In the absence of such identification information, Carlson's cover sheet was not "complete enough for internal administrative purposes." *Jacobs*, 887 N.W.2d at 598. Because identification information must be provided and is administratively necessary, the omission of the information is not the type of "minor error" involved in *Jacobs*.[1]

Second, under *Jacobs* and *Toney*, Carlson cannot show "the proposed filing was returned by the clerk's office *after* the deadline because of these minor errors." *Id.* at 599 (emphasis added); *see Toney*, 958 N.W.2d at 208. The clerk's office returned Carlson's proposed filing on January 6, *before* the end of the limitations period on January 8.

Carlson recognizes that she has not met the second circumstance present in *Jacobs* and argues instead that it should be irrelevant whether the proposed filing was returned by the clerk's office after or before the deadline. Carlson's argument ignores the reason we considered this circumstance significant. In *Jacobs* and *Toney*, the clerk's rejection of the proposed filing after the relevant

---

[1]Citing Iowa Rule of Civil Procedure 1.301(2), the dissent contends the omission of this necessary information should have "no legal effect" on Carlson's action. But the dissent misinterprets the rule. The rule provides that the information "appearing on the civil cover sheet have no legal effect *in the action*." But an action is not "commenced" until a petition is first filed in the district court. *See* Iowa R. Civ. P. 1.301(1). The rule upon which the dissent relies is inapplicable to filing requirements preceding the commencement of the action.

deadline left the petitioner with no opportunity to fix the minor errors and timely refile. This meant the timeliness of the petitioner's filing was wholly "dependent on how [the] clerk exercised his or her discretion." *Jacobs*, 887 N.W.2d at 599; *see Toney*, 958 N.W.2d at 298. That concern is not present where, as here, the proposed filing is rejected and returned prior to the deadline with sufficient time to correct the error prior to the expiration of the deadline. Here, the filing was rejected and returned on the afternoon of January 6. Carlson could have corrected the error and timely resubmitted the cover sheet and petition on the 6th, 7th, or 8th. Unlike *Jacobs* and *Toney*, Carlson's failure to timely file was not dependent on the clerk's discretion. Instead, Carlson's failure to timely file was due to her failure to act for three days in response to the rejected filing. Since Carlson's January 3 filing was returned with sufficient time for Carlson to act before the limitations period elapsed, the second *Jacobs* and *Toney* factor is not met, and Carlson's January 9 filing cannot relate back to the earlier filing.

The third circumstance identified in *Jacobs* and *Toney* looks at whether Carlson "promptly resubmitted the filing after correcting the errors." *Jacobs*, 887 N.W.2d at 599; *see Toney*, 958 N.W.2d at 208. As noted above, Carlson was notified of the rejected filing on January 6, but she took no action for three days. We cannot conclude that resubmitting a rejected filing three days after receiving the notice of rejection is prompt. *Cf. Toney*, 958 N.W.2d at 209 (concluding the resistance was promptly refiled where it was refiled within forty-five minutes of rejection). The third factor discussed in *Jacobs* and *Toney* is thus not satisfied.

Although none of the three circumstances annunciated in *Jacobs* and reiterated in *Toney* are present here, Carlson asks us to consider two other factors. First, Carlson suggests we should conclude her petition relates back to January 3 because the clerk's actions in this case were out of step with court practices related to paper filing. In *Jacobs*, we stated that the electronic filing rules "were designed 'to continue the court practices that governed paper filing, not to change them.' " *Jacobs*, 887 N.W.2d at 599 (quoting *Concerned Citizens of Se. Polk Sch. Dist. v. City Dev. Bd.*, 872 N.W.2d 399, 401 (Iowa 2015)). We agree with Carlson that in the "paper world" this deficiency may have "been recognized at the counter of the clerk's office and fixed before the close of business that day." *Id.* However, we disagree with Carlson that the clerk's office here did anything inconsistent with what would have been done in the paper world. Carlson attempted to efile her petition after regular business hours on Friday. On the following workday, Monday, the clerk identified the error, rejected the filing, notified Carlson's counsel of the error, and instructed her counsel on how to correct the error. This was done quickly over the clerk's "virtual counter," so to speak, and gave Carlson more than sufficient time to correct the filing.

Second, Carlson suggests that the clerk's office should have telephoned her counsel to provide notice of the error. We disagree that the clerk of court is obligated to telephone parties or lawyers to advise them of rejected filings. The clerk's office has no such obligation; parties and their lawyers are responsible for monitoring the docket, their email, and electronic notifications regarding the status of their proposed filings. *See* Iowa R. Elec. P. 16.304(1)(*g*)(2) ("Registered

filers must monitor their accounts regularly and ensure that notifications sent to the account are timely opened."); *Toney*, 958 N.W.2d at 209; *Adams v. Univ. of Iowa Hosps. & Clinics*, No. 19–0281, 2020 WL 1054565, at *2 (Iowa Ct. App. Mar. 4, 2020) (a litigant's difficulty creating an EDMS account and receiving email notifications does not excuse untimely response to a motion to dismiss); *see also Barnes v. Merit Sys. Prot. Bd.*, 566 F. App'x 909, 912 (Fed. Cir. 2014) (per curiam) (a litigant is "responsible for monitoring the status of her case electronically as an e-filer"); *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) ("[R]egardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket."); *Hodge v. United Airlines*, 534 F. Supp. 2d 13, 16 (D.D.C. 2008) (refusing to vacate motion to dismiss granted after plaintiff's counsel failed to respond to the motion; plaintiff's counsel blamed difficulties with the online filing system but failed to monitor emails or check the online docket "even once" and would have been notified of his error if he had done so); *Aghdasi v. Saberin*, 347 P.3d 427, 429 (Utah Ct. App. 2015) (holding excusable neglect does not exist where an attorney misplaces an efiled document and noting "courts that have considered this issue have been largely unsympathetic when faced with attorneys attempting to blame failures on computer glitches").

For these reasons, we conclude Carlson's January 9 filing does not relate back to her attempted filing on January 3. A defendant "may raise the statute of limitations by a motion to dismiss if it is obvious from the uncontroverted facts contained in the petition that the applicable statute of limitations bars the

plaintiff's claim for relief." *Turner v. Iowa State Bank & Tr. Co. of Fairfield*, 743 N.W.2d 1, 5 (Iowa 2007). In this personal injury action, the two-year statute of limitations expired on January 8, 2020. Iowa Code § 614.1(2). Plaintiff's petition, filed January 9, was untimely and time-barred.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Appel, J., who dissents.

**APPEL, Justice (dissenting).**

One of the longstanding principles of Iowa law is a preference for trial on the merits. *No Boundary, LLC v. Hoosman*, 953 N.W.2d 696, 699–700 (Iowa 2021). In a state court of general jurisdiction, as compared to an Article III federal court of limited jurisdiction, this principle has special importance. The preference for trial on the merits principle is especially important in the electronic age, where technical errors in filings abound. If citizens are to have confidence in the courts, they must have access to a broad and robust channel for the resolution of claims before a neutral tribunal. The citizens of Iowa and other users of our court system should not lose claims because their representatives make inconsequential mistakes related to an electronic filing relevant only for administrative purposes. But that has happened in this case.

Here, the plaintiff failed to provide a birth date on the cover sheet of an otherwise adequate filing. I do not regard the failure to provide a birth date on a cover sheet attached to a pleading as a "major" error or insult to our court system. I think most readers will agree with me on this point. There was nothing deficient about the substance of the pleading, and it arrived at the clerk's office within the time period provided by the statute of limitations. The technical birth date error on the cover sheet—purportedly relevant only for administrative purposes—was corrected a few days later, albeit one day after the expiration of the applicable statute of limitations. No one claims that the opposing parties were prejudiced by the delay.

In this regard, I note that Iowa Rule of Civil Procedure 1.301(2) states that a cover sheet must be completed but that "[t]his requirement is solely for administrative purposes, and matters appearing on the civil cover sheet have no legal effect in the action." *See* Iowa R. Civ. P. 1.301(2). If matters appearing on the cover sheet have no legal effect, matters not appearing on the cover sheet— like a birth date of a party—also should have no legal effect.

The majority relies on *Jacobs v. Iowa Department of Transportation*, 887 N.W.2d 590 (Iowa 2016), and *Toney v. Parker*, 958 N.W.2d 202 (Iowa 2021). I joined both opinions. In my view, however, these cases do not establish the outer boundaries of when relief may be afforded from a technical error, but instead present only factual contexts when relief may be proper. While *Jacobs* presents three facts that were present in the case—namely, the filing of the original pleading before the statute of limitations expired, a notice to the party of deficiencies after the expiration of the statute, and the party promptly responding after receiving the notice—the factual recitation did not establish "prerequisites" or some new stingy prerequisites for application of the relation-back doctrine. *See Jacobs*, 958 N.W.2d at 593. It is simply a narrow opinion decided on the facts presented. And under *the facts presented*, the party in *Jacobs* (and *Toney*) was entitled to relief. Whether other circumstances might entitle a party to relief under the relation-back doctrine under other facts was not addressed in either case.

A number of cases cited by the majority have strictly required technical compliance with rules related to the electronic processing of court cases. Yet, other uncited cases involving problems with electronic filing have been more

forgiving than the majority and the cases cited in the majority opinion. Specifically, several courts have permitted follow-up-but-untimely filings that corrected errors in prior timely-but-deficient filings. In *Amoroso v. Certified Safety Products of NY, Inc.*, the court permitted a case to proceed where the plaintiff's counsel failed to check his email and see or open a court notification indicating the case was subject to dismissal for failure to prosecute. No. 13-CV-9595, 2014 WL 4417801, at *1–2 (W.D.N.Y. Sept. 8, 2014). In *In re Forsythe*, the court permitted a dischargeability of debt claim to proceed where the original filing was timely but improperly filed in the wrong case and subsequently untimely filed in the proper case. No. 04–39980, 2005 WL 4041162, at *2–3 (Bankr. S.D. Ohio May 24, 2005). In *Farzana K. v. Indiana Department of Education*, the court permitted a party who had filed a timely appeal in a wrong docket to submit a subsequent but untimely filing. 473 F.3d 703, 708 (7th Cir. 2007). Some of these cases, admittedly, do not deal with questions of original jurisdiction but with court filing deadlines.

In this case, what amounted to an amended "cover sheet" was filed within a week of the original filing. There was no prejudice to the defendant. For me, the majority opinion is flavored with too much "gotcha" contrary to the "no legal effect" rule set forth in Iowa Rule of Civil Procedure 1.301(2) and not enough substantial justice for a litigant who seeks redress in the courts. A lawyer's failure to put a birth date on a cover sheet that, under our rules, has "no effect on the legal claim" should not have led to the dismissal of an action where the correction was filed within a few days of notice.

In this case, I would thus apply our traditional relation-back doctrine. Under the relation-back doctrine, substantial compliance with a jurisdictional statute is sufficient. *See Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 194 (Iowa 1988). If minor errors or omissions occur, an amended pleading relates back to the original filing if there is no prejudice to the opposing parties.

In my view, the court would be well advised to amend our rules to more clearly provide for the application of the relation-back doctrine. For example, New York Civil Practice Law and Rules section 2001 deals with late filings due to mistakes, omissions, defects, and irregularities. N.Y. C.P.L.R. § 2001 (McKinney 2021) ("At any stage of an action . . . the court may permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded . . . ."). In my view, errors or omissions in a cover sheet for administrative purposes only should never defeat a timely filed action when corrected in a fashion without a showing of prejudice to an opposing party. In the meantime, the takeaway from this case is that counsel should be especially vigilant when filing an action with an approaching statute of limitations and should take affirmative steps to confirm compliance with cover sheet requirements, thereby insuring timely "filing," in each and every case. An inconsequential administrative error could lead to dismissal.

For these reasons, I respectfully dissent.